## FORD v. RIGBY AND IRWIN.

A. leased furniture to B.; during the lease, F. bought the furniture of A., B. remaining in possession and acknowledging F.'s title. I., sheriff, having an execution in favor of R., and against A., levied on the furniture as the property of A. F. thereupon filed his bill to enjoin the sale: *Held*, that the remedy by injunction is proper, as it is the only speedy, adequate, and unembarrassed remedy the lessor has to vindicate his rights.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

*Vanclief and Stewart* for Appellant.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

Arnold leased some furniture to Burnes. During the lease, plaintiff bought it of Arnold, Burnes remaining in possession, and acknowledging plaintiff's title. In this condition, it was levied on by Irwin, on process of Rigby against Arnold. Plaintiff filed this bill to enjoin the sale. Defendants made default, and plaintiff had judgment. The only question is, whether an injunction is proper under such circumstances. The question is not as to a levy on the estate of a lessee, for here the property was seized to pay the debt of a stranger to the title. It is true that the lessee might interpose to protect the title; but he may not choose or be able effectually to do so. The owner having no immediate right of possession, would be embarrassed in his remedy, and might be entirely remediless, unless some preventive

29

remedy were afforded him. We see no objection to the remedy by injunction. Indeed, in such cases, it is the only speedy, adequate, and unembarrassed remedy the lessor has to vindicate his rights.

Judgment affirmed.