## LLOYD TEVIS *v.* JOHN S. ELLIS, JOHN WADE, DAVID CALDERWOOD, CHARLES B. HARWOOD, AND FRANCIS KATTENDORFF.

WHO SHERIFF MAY NOT DISPOSSESS ON WRIT OF RESTITUTION. — A Sheriff has no authority by virtue of a writ of restitution to remove from the premises described in the writ persons who were not parties to the judgment on which the writ was issued, and did not enter under defendant in the judgment pending the suit.

INJUNCTION TO RESTRAIN SHERIFF.—One who is the owner of land, and in possession of the same, is not entitled to an injunction to restrain a Sheriff from executing a writ of restitution issued on a judgment rendered against third parties, to which judgment the plaintiff is a stranger.

*Tomlinson* v. *Rubio,* 16 Cal. 202, disapproved of by CURREY, J.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow,* for Appellant.

Plaintiff has had two trials, one at law and one in equity, in both of which he established his right against Wade, by establishing it against his grantor, Calderwood, from whom he took a conveyance *pendente lite*—and as we contend from the answer, after both judgments, and if after judgment, the judgment was notice to him.  (1 Bailey's Eq. 208; 1 Ohio, 372; 2 Leading Cases in Eq. 155; Adams' Eq. 367.)

Under these circumstances plaintiff was (is) entitled to an injunction, and it should not have been dissolved.

There *is* an injunction called a perpetual injunction for quieting a man in the *possession* of his *estate;* this is generally upon a plain equitable title, or where one, two, or more verdicts have gone against a man.  This injunction is to quiet the plaintiff and his heirs forever, and all claiming by, from, or under him, and it is very often granted and in many instances the justice of the Court calls for it.  (*Bushnell* v. *Harford,* 4 John. Ch. 301.)

In *Dunn* v. *Vail,* 7 Martin, La. 436, (Vol. 3, N. S. 603,) an injunction was granted to restrain the sale of personal property (a slave) claimed by plaintiff, who was not a party to the execution.

*Ford* v. *Rigby,* 10 Cal. 449, was a similar case.

*Wm. W. Chipman,* for Respondents.


By the Court, SHAFTER, J.

The complaint states that on the 20th of August, 1862, the plaintiff was, and is now, the owner in fee simple absolute of certain lots in the City of San Francisco, and that he is in the actual possession of the lots by his tenant.

That on the 20th of August, 1862, the plaintiff recovered a judgment for the possession of the lots in an action brought by him against Daniel O'Connell.

That notice of *lis pendens* was filed in the Recorder's office, March 13, 1862, the day the action was commenced.

That pending the suit, O'Connell made a deed of the premises to Calderwood, defendant herein, who thereafter defended the suit; and that on the 16th day of April, 1863, by virtue of a writ of restitution issued on the aforesaid judgment, the plaintiff was put in possession of the lots, and Calderwood was ousted therefrom.

That on the 8th of December, 1862, it was adjudged and decreed in another suit, brought by Calderwood against Tevis and others, that he, Tevis, was the owner of the lots, and entitled to the possession thereof.

That the defendant Wade has no title except under Calderwood, acquired after the filing of the notice of *lis pendens* before named.

That the defendants herein, in pursuance of a combination between them " to obtain possession of said lots, and to compel the plaintiff to bring another action to obtain possession thereof, brought an action of ejectment in the Twelfth District Court, in the name of John Wade (one of the defendants herein,) against said Calderwood, C. B. Harwood and F. Kattendorff (also defendants herein,) to recover possession of said lands and premises."

That the complaint in said action was filed March 10, 1863, and judgment was entered therein by default June 5, 1863.

That a writ of restitution has been issued upon said judgment and is now in the hands of Ellis, Sheriff, etc., who threatens to execute said writ, and to remove plaintiff and his tenant from the possession of said premises, and will do so unless restrained by injunction.

That Calderwood, Harwood, and Kattendorff were, or some of them were, in possession of the lots, or some part thereof, at the date of the said judgment in *Wade* v. *Calderwood*. That the suit was brought by Wade at the instigation of Calderwood, and that all the defendants therein suffered judgment by default, for the fraudulent purpose of enabling Wade to obtain

possession of the premises and then to surrender them to Calderwood.

That Calderwood paid the expenses connected with the suit, and has been active in soliciting and urging Ellis, the Sheriff, to execute the writ of restitution and turn plaintiff and his tenant out of possession.

Wherefore the plaintiff prays judgment that " the defendants Wade and Ellis, and the successors in office of said Ellis, his deputies, and all other persons, be perpetually restrained and enjoined from executing said writ of restitution on said judgment of *Wade* v. *Calderwood et als.*, and from executing any other writ of restitution founded on said judgment, and that the plaintiff be adjudged to be the owner in fee simple of said lands and premises," etc.

A temporary injunction was granted on the complaint and affidavit, and was subsequently dissolved upon bill and answer, and from that order this appeal is taken.

It is insisted on the part of the appellant that the complaint may be sustained as a bill of peace, or on the ground of the two hundred and fifty-fourth section of the Practice Act, as a bill in equity to quiet the plaintiff's title.

For all the purposes of the present appeal, it is unnecessary to pass upon either of those questions; for, if the appellant's views concerning them should be accepted as correct, it by no means follows that he is entitled to the injunction prayed for in the complaint. A plaintiff must have good cause of action before he can claim an injunction, but he may not be entitled to an injunction though he has a good cause of action. The two things are not necessarily, nor are they even generally, connected.

The bill prays that Sheriff Ellis and his successors may be restrained from executing a writ of restitution issued upon a judgment in ejectment, to which judgment neither the plaintiff nor his tenant is party or privy.

The plaintiff and his tenant are not only beyond the reach of the writ, but are unaffected by the judgment as an instrument of evidence, and therefore have nothing to fear from

either. ˙ Should the Sheri    interfere with the plaintiff's possession of the lots, the writ would not only fail as a justification, but would b ; pertinent to convict the Sheriff of an act
of official oppression.

The plaintiff, then; having no relations to the writ, and the
writ having no relations to him, the writ may be laid out of
account; and the question remaining to be considered is
whether the defendants' threat and purpose to commit a
-naked trespass upon the plaintiff's land, is a ground upon
which he can claim an injunction to intercept them.

. The case is not as strong in its facts as the case of *Tomlinson* v. *Rubio*, 16 Cal. 202.   In that case the complaint alleged
that the plaintiff's business would be broken up by the
threatened trespass; but in the case at bar there is no such
allegation.   The two cases, though differing in certain particulars, are alike in this, that so far as the relief of present injunction is concerned, the relief is asked for on the ground of a
threatened trespass.

Again, the prayer of the complaint is not that the Sheriff
may be restrained from dispossessing the plaintiff of the lots
under the writ or under color of the writ, but generally, that
the Sheriff may be restrained from "executing the writ."   But
the complaint charges that the plaintiff is now in possession
of the lots by his tenant; and assuming that allegation to be
true, then Calderwood, Harwood and Kattendorff, against
whom the writ runs, must be out of possession; and if out of
possession, then there is no occasion for enjoining the execution of the process as to them, nor for restraining the Sheriff
from putting Wade in; for under the writ the Sheriff cannot
deliver possession to Wade unless he should find the lots vacant
or in the occupation of Calderwood, or perhaps in possession
of those claiming under him by titles acquired *pendente lite.*

The decision in *Ford* v. *Rigby*, 10 Cal. 449, and in *Daubenspeck* v. *Grear*, 18 Cal. 448, to which we have been referred,
went upon the ground of irreparable injury—a ground that
entirely fails here.   The principal purpose of this action is to
obtain a decree quieting the possession of the plaintiff and

suppressing future litigation at law by perpetual injunction. If it appeared by the complaint and affidavit that the defendants were doing or were threatening to do, or were procuring to be done, or were suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual, or tending to the great and irreparable injury of the plaintiff, an injunction might go, staying the act in view of its consequences. But the complaint does not present a case of that impression. It charges, as a ground for the injunction, that the defendants intend to disseize the plaintiff of his lands—that and no more; and asks that they may be restrained from carrying their purpose into execution.

Should the defendants succeed in their design, the remedies at law would be speedy, adequate and complete.

The order dissolving the injunction is affirmed.


CURREY, J., concurring specially.

I concur in the affirmance of the order dissolving the injunction in this case, but at the same time, in order to guard against an implication to the contrary, I desire to express my disapproval of the decision made in *Tomlinson* v. *Rubio*, 16 Cal. 202, as applied to the facts of that case.

Mr. Justice RHODES expressed no opinion.