THEODORE LE ROY, AND JAMES B. HAGGIN *v.* NATHAN ROGERS.

SPECIFICATION OF ERRORS IN A STATEMENT.—If a new trial is applied for on the ground that the findings of fact are against the evidence, the moving party should specify in his statement each particular finding of fact which, in his opinion, is against the evidence, instead of stating in general terms that an alleged finding, which is the result of several facts found separately, is against the evidence.

TITLE ACQUIRED BY FIVE YEARS ADVERSE POSSESSION.—R. had been in possession of land more than five years under a claim of title. L. and H., and their grantors, during all this time had a perfect title to the land. They sued C. and others to recover possession of it, but did not make R. a party, and recovered judgment, and after the five years had run, the Sheriff turned R. out of posses-

sion under a writ of restitution issued on the judgment, and placed L. and H. in possession; *Held,* that the title of R. thus acquired by five years adverse possession, was not impaired by this entry of L. and H.

Who not Bound by a Judgment. — One in possession of land who is neither a party nor privy to a judgment for the recovery of possession of it, is neither affected by the judgment as an instrument of evidence, nor can he be dispossessed by virtue of a writ issued upon it.

A Judgment as an Estoppel. — A judgment is not an estoppel, unless it appears that the matter which it is claimed a party is estopped from denying was determined in the judgment.

Statute of Limitations as to Real Estate.—One who buys land in the adverse possession of another is barred by the Statute of Limitations from commencing an action for its recovery when five years have expired from the time a cause of action first accrued, to any of those through whom by mesne conveyances he has acquired title.

Statute of Limitations as to Purchaser at Mortgage Sale. — The purchaser of land at a mortgage sale then in the adverse possession of another, when he obtains the Sheriff's deed becomes the assignee of the mortgagor, and cannot maintain an action for its recovery unless it is commenced within five years from the time a cause of action first accrued to the mortgagor or those under whom he claims title.

Appeal from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action to recover possession of a lot on Battery street, San Francisco, commenced on the 27th day of August, 1864. The judgment in *Rogers* v. *Haggin*, referred to in the opinion, was not pleaded, but was offered in evidence. The defendant recovered judgment in the Court below, and plaintiff appealed from an order denying a new trial. The finding of facts consisted of twenty-five separate findings. The plaintiffs, in their assignment of errors on motion for a new trial, allege as error that the finding of certain ultimate facts was error, without specifying any particular finding to which exception was taken. The facts stated in *Haggin* v. *Clark*, 28 Cal. 162, and *Leese* v. *Clark*, Ib. 26, will afford a full history of the matters out of which this controversy arose.

The facts upon which the decision in this case is based are stated in the opinion of the Court.

*B. S. Brooks,* for Appellants, argued that the judgment in *Rogers* v. *Haggin* was conclusive evidence, and that it was thereby adjudicated and determined that Michelson and not

Rogers was the *terre-tenant* and occupant at the time of the commencement of the suit of *Haggin* v. *Clark,* and that Rogers was privy to the judgment of *Haggin* v. *Clark,* and cited *Love* v. *Waltz,* 7 Cal. 252. He also argued that even if the judgment was conclusive, the plaintiffs were not barred by the Statute of Limitations, because under our law the statute gives the mortgagee no right of entry until the foreclosure of the mortgage, a sale, and the execution of a Sheriff's deed ; that the Statute of Limitations was based on the idea of negligence in a party in asserting his right, and there could be no negligence where there was no right of entry or action which the plaintiff could assert, and cited Greenlf. Cruise on Real Prop., Vol. II, pp. 249, 439 ; *Johnson* v. *Schoonmaker,* 4 John. 402 ; and *Wells* v. *Prince,* 9 Mass. 508.

*James M. Taylor,* for Respondent, argued that the case of *Rogers* v. *Haggin* simply determined that relief would not be granted against a threatened or anticipated injury when there was a plain and speedy remedy at law, and cited *Tevis* v. *Ellis,* 25 Cal. 515, and that it being established by the findings in this case that respondent was not a party or privy to the case of *Haggin* v. *Clark,* it was clear that he was never dispossessed of the demanded premises by the Sheriff under a writ of restitution in that case, as the act of the Sheriff, even if he had turned out Rogers, was simply a trespass. He also argued that section six of the Statute of Limitations must be construed with section two, and that when read together they amounted to this, that no action for the recovery of the possession of real property shall be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises within five years before the commencement of the action, if the cause of action shall have accrued to them or any of them more than five years before the commencement of the action, and that the mortgagor was the grantor of the purchaser under the Sheriff's sale, and cited *Randall* v. *Raab,* 2 Abbott's P. R. 307.

By the Court, RHODES, J.:

The only question in the case, is whether the plaintiffs are barred of a recovery of the possession of the premises, by the Statute of Limitations. The plaintiffs, in the statement on their motion for a new trial, among other grounds, specify certain particulars in which the finding is against the evidence, and the case depends upon a solution of the questions involved in those grounds. It is proper that we should say, that it is a very plain and simple matter for the party moving for a new trial upon grounds of that character, to specify each particular finding of fact which, in his opinion, is contrary to or not sustained by the evidence, instead of stating, as in this case, that an alleged finding, which counsel deduces as an ultimate fact—a conclusion—from several facts separately stated in the finding, is against the evidence. By pursuing the course adopted in this case, counsel will sometimes incur an unnecessary risk, and will always cast unprofitable labor upon the Court, as well as the opposite counsel.

A patent for the lands was issued to Leese, under whom the plaintiffs claim, on the 3d of March, 1858, and the patent, it is conceded, vested in him the legal title. It was found by the Court, and not questioned by the plaintiffs, that the defendants and those under whom they claim were in the adverse possession of the premises from 1853 to January 9th, 1864, the time of the execution of the writ of possession, issued upon the judgment in ejectment in the case of *Haggin et al.* v. *Clark et al.* 28 Cal. 162. A mortgage executed by Leese to Vallejo was foreclosed in 1860, and the premises having been sold by the Sheriff were conveyed to the assignee of the mortgagee in 1862, and were by him conveyed to the plaintiffs November 9th, 1862. Haggin and others, holding the legal title as the assignees of Leese, commenced suit in 1860 against Clark and others to recover the possession of the premises covered by the patent, and February 9th, 1863, recovered judgment against the defendants in that action, among whom was Edward Michelson, and execution was

issued on the judgment. The Court finds in the case, among other things : "Fifth—That thereupon, on the 17th day of March, A. D. 1863, the defendant Nathan Rogers filed his complaint in this Court against the plaintiffs in the suit of Haggin and others, claiming that he was not a party or privy to said judgment, and prays a perpetual injunction and stay of execution. To which the defendants answered, alleging service of process or summons upon the said Edward Michelson—and after trial had upon the merits, a judgment was rendered against the said Rogers and in favor of the defendants in that suit, determining that he had no right to the relief he sought by his said suit, and dismissing his complaint." The Court also found that Nathan Rogers, the defendant herein, was neither a party nor privy to the suit of *Haggin* v. *Clark*, and never appeared therein.

•At the time of the issuing of the patent—March 3d, 1858— Leese possessed a perfect right of action for the recovery of the possession of the premises from the defendants' grantors. The Statute of Limitations, therefore, commenced to run at that date, and the plaintiffs' action, which was commenced in August, 1864, was barred unless. something has intervened to prevent the running of the statute. For this purpose the plaintiffs rely upon the judgment in ejectment in *Haggin* v. *Clark*, and the writ of possession. issued thereon, and the judgment in the suit of *Rogers* v. *Haggin*—the case mentioned in the fifth finding above quoted—and they hold that the latter judgment extended and controlled the former judgment, making it binding and conclusive upon Rogers, and constituting the writ of possession sufficient authority to the Sheriff to proceed, and under it turn Rogers out of possession of the premises.

The writ of possession, the proceedings of the Sheriff under it, and his return thereon—even admitting, what is denied by the defendants, that the Sheriff turned Rogers out of possession and delivered the possession to the plaintiffs in that action—were not of themselves, and without the aid of a

30

judgment that bound Rogers, sufficient to interrupt the run-, ning of the statute, for at the time of the attempted delivery of possession under the writ the five years from the time the cause of action accrued as upon a perfect title—the patent— had completely run. Rogers' title, thus acquired by adverse possession—the claimants under the patent having a right of action, and being under no disability—could not be impaired by an entry by those claiming under the patent, unless made in pursuance of a judgment to which Rogers was a party or privy.

The plaintiffs contend that they were not barred of their recovery, because it was determined in *Rogers* v. *Haggin* that Rogers was subject to the judgment in *Haggin* v. *Clark*, and liable to be turned out under the writ, which matters he is estopped from denying, and that therefore he was turned out of possession and the plaintiffs in that case, under whom the present plaintiffs claim, were put in the possession under the writ in that case.

This position cannot be maintained unless it was decided in *Rogers* v. *Haggin* that Rogers was a party or privy to the judgment in *Haggin* v. *Clark*; for, as we held in *Tevis* v. *Ellis*, 25 Cal. 515, and *Wattson* v. *Dowling*, 26 Cal. 125, if he was neither a party nor privy to the judgment he was neither affected by the judgment as an instrument of evidence nor could he be dispossessed by the writ issued upon it.

The judgment is not before us, and the statement and findings tend but slightly to show what were the issues or what was decided in the case. From the fifth finding it would be inferred that Rogers sought to enjoin the execution of the writ on the ground that he was not a party or privy to the judgment. According to the doctrine of *Tevis* v. *Ellis*, that was good ground for refusing him such relief. The defendants answered that Edward Michelson was served with process, and that allegation, if amounting to anything, must be considered as matter in avoidance of the allegation of the plaintiff; and when it is said that the trial was had upon the merits, the meaning may be that it was found that Michelson

was served with process; that judgment was rendered against him, and that therefore it was improper to perpetually enjoin the execution of the writ of possession; or the judgment dismissing the suit may, for aught that appears in the record, have been given on the ground that the Sheriff did not threaten to interfere with Rogers. The Court found in this case that Rogers was neither a party nor privy to the judgment in *Haggin* v. *Clark;* and as we cannot presume that the Court would have so found in disregard of the judgment, if it had been thereby determined to the contrary, we are not justified in holding, upon the meager statement found in the record in this case, of the contents of that judgment, that it was thereby determined that Rogers was a party or privy to the judgment in *Haggin* v. *Clark.*

The plaintiffs raise the point that they are not barred by the lapse of time, because, as they say, their right of action first accrued in 1862, upon the execution of the Sheriff's deed in pursuance of the judgment of foreclosure of the mortgage of Leese to Vallejo. We do not find that the point has heretofore been presented to the Court; but it is more plausible than real, and its solution is not difficult.

It will not be contended that a right of action accrues successively to each of the several purchasers of the same parcel of land, in the sense in which that term is used in statutes of limitation, as against the person in adverse possession, at the time of the first purchase. Were it so, it would be in the power of any one to avoid the statute by simply conveying the land during the running or after the expiration of the five years. The plaintiffs, to maintain their proposition, must demonstrate that a purchaser at a foreclosure sale comes in under an independent title—that his title is not the title of a mortgagor, but a title that then first sprang into being, or is derived from a title then existing, but that did not confer the right of entry. Where one, possessing only those rights in the land that grow out of prior possession, is ousted, after the expiration of five years, he is barred of his recovery; and if he thereafter acquires the title from the general Govern-

ment, it may properly be said that he then acquires an independent title, and that a right of action then accrues to him against the adverse possessor. And the remainder man, upon the expiration of the particular estate, does not come in under it, but claims through an independent source of title, and he has his action, though the particular estate man may have been cut off from a recovery against the adverse possessor. But such is not the case with the purchaser at the foreclosure sale. His estate in the land, is the estate that the mortgagor had, and he is assignee of the mortgagor, in every sense, so far as the title is concerned, that he would have been, had the mortgaged premises been conveyed directly by the mortgagor, instead of indirectly and through the operation of a judicial sale. He does not differ in this respect from one who purchases at an official sale, made in satisfaction.of a judgment lien. The argument of the learned counsel in support of the plaintiff's claim to the benefits of the judgment in *Rogers* v. *Haggin* is based upon the principle, that by their purchase at the foreclosure sale, they succeeded to the title of Leese, the mortgagor, and his assigns, and if the principle is not correct, there is no merit in the argument on that point; and if it is correct, the statute does not begin to run anew for their benefit.

It is said that this rule, disallowing to the purchaser at the foreclosure sale a new day from which to compute the running of the statute, endangers the security of the mortgagee; the answer is : first—that the fault is in the statute that permits the conveyance of lands notwithstanding they may be held adversely; and secondly—that the mortgagee may protect himself by covenants permitting him to sue the adverse possessor in the mortgagor's name to recover the possession.

Judgment affirmed.

Mr. Justice SANDERSON expressed·no opinion.