## CAMERON *v.* UNITED STATES.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 42. Argued November 14, 15, 1892. — Decided December 19, 1892.

The writ of error in this case is dismissed because it does not appear that the jurisdictional amount is involved.

THIS was a proceeding by the United States to compel the defendant to abate a wire fence, by which he was alleged to have inclosed a large tract of public lands, belonging to the United States, and subject to entry as agricultural lands, in violation of the act of February 25, 1885, 23 Stat. 321, c. 149, to prevent the unlawful occupancy of public lands. The first section of the act reads as follows: "All inclosures of any public lands in any State or Territory of the United States, heretofore or to be hereafter made, erected or constructed by any person, . . . to any of which land included within the inclosure the person . . . making or controlling the inclosure had no claim or color of title made or acquired in good faith, or an asserted right thereto by or under claim, made in good faith, with a view to entry thereof at the proper land office under the general laws of the United States at the time any such inclosure was or shall be made, are hereby declared to be unlawful, and the maintenance, erection, construction or control of any such inclosure is hereby forbidden and prohibited; and the assertion of a right to the exclusive use or occupancy of any part of the public lands of the United.

States in any State or any of the Territories of the United States, without claim, color of title or asserted right as above specified as to inclosure, is likewise declared unlawful, and hereby prohibited."

The answer denied in general terms that the defendant had inclosed any of the public lands without any title or claim or color of title, acquired in good faith thereto, or without having made application to acquire the title thereto, etc. The answer was subsequently amended by setting up a Mexican grant of the lands in question, and an application then pending before Congress for the confirmation of such grant. Upon the trial, the court found the issue in favor of the United States, and decreed that the inclosure was of public land, and was, therefore, unlawful, and rendered a special judgment in the terms of the act, that the fence be removed by the defendant within five days from date, and if defendant fail to remove said fence, that the same be destroyed by the United States marshal, etc.

Defendant thereupon appealed to the Supreme Court of the Territory, by which the judgment was affirmed. Defendant was then allowed an appeal to this court.

*Mr. Rochester Ford* and *Mr. James C. Carter* for appellant.

*Mr. Solicitor General* for appellee. *Mr. William H. Barnes* filed a brief for same.

Mr. JUSTICE BROWN delivered the opinion of the court.

By the act of March 3, 1885, 23 Stat. 443, c. 355, "no appeal or writ of error shall hereafter be allowed from any judgment or decree in any suit at law or in equity . . . . in the Supreme Court of any of the Territories of the United States, unless the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars." The proceeding in this case was a special one to compel the abatement and destruction of a wire fence, with which the defendant was alleged to

enclose 800 acres of the public lands of the United States, without title or claim or color of title thereto, acquired in good faith.   Defendant's answer was a general denial of the. fact, and in an amended answer he set forth the title claimed by him.   The question at issue between the parties, then, was whether the defendant had color of title to the lands in question, acquired in good faith.   Defendant justified under a Mexican grant of "cuatro sitios de tierra para cria de ganado. mayor," (literally, four places or parcels of land for the raising of larger cattle,) and the case turned largely upon the question whether, under the laws, usages and customs of the country and the local construction given to these words, a grant of four square leagues or four leagues square was intended.   The court found for the United States, and held that the defendant had no colorable title to the four leagues square which he had fenced.

We are of the opinion that this case must be dismissed for want of jurisdiction by this court.   The only evidence that it involves the requisite jurisdictional amount consists of three affidavits of persons who swear they are acquainted with the property in dispute, and that the value of said property is more than $5000; and the finding of the Chief Justice in his allowance of an appeal, that the property in controversy in this action exceeds in value this sum.   This evidently refers to the value of the land inclosed by the fence in question.   It is not, however, the value of the property in dispute in this case which is involved, but the value of the color of title to this property, which is hardly capable of pecuniary estimation, and if it were, there is no evidence of such value in this case.   Had the defendant succeeded in the action he would not have established a title to the property, but a color of title to it, and the adjudication would have been of no value to him, except so far as to permit the fence to stand.   He could not have made it the basis of an action of ejectment or other proceeding to test his actual title to the premises in question.   If the proceeding be considered as one involving the value of the fence only, it is also sufficient to say there is no evidence of such value.

Nor can our jurisdiction be sustained under the second section of the act of March 3, 1885, providing that the limit of $5000 shall not apply to any case "in which is drawn in question the validity of a . . . statute of or an authority exercised under the United States;" since this refers to an authority exercised or claimed in favor of one of the parties to the cause, the validity of which was put in issue on the trial of the case, and not to the validity of an authority exercised by the United States in removing the fence pursuant to the judgment of the court. If the latter were the true construction, then every case in which the court issued an injunction or an execution might be said to involve the validity of a statute, or an authority exercised, under the United States, since it is by virtue of such authority that the marshal executes the writ. No question is raised here as to the validity of a statute, but merely as to the application of the statute to this case.

The appeal is, therefore,

*Dismissed.*