· [Civ. No. 413.  Third Appellate District.—January 20, 1908.]

## CHARLES NEMO, Respondent, v. LIZZIE FARRINGTON et al., Appellants.

APPEAL—REVIEW—BURDEN TO SHOW ERROR—PRESUMPTIONS.—The burden is upon the appellant to show error in the record upon appeal; and the presumptions are in favor of the judgment of the court below.

ID.—PRESUMPTION IN FAVOR OF FORMER JUDGMENT IN EJECTMENT—NOTICE OF LIS PENDENS.—Where a former judgment in ejectment was shown in favor of plaintiff's grantor against defendants in an action to quiet title, and it appears that one of such defendants took title pending the former action, and conveyed it to another defendant, who was also a party defendant in the former suit, and on trial of the suit to quiet title no objection was offered to the former judgment on the ground that a notice of *lis pendens* was not filed in the ejectment suit, and the record upon appeal of the defendants is silent on that subject, it must be presumed that the proper preliminary proof was made to admit the former judgment in evidence, and that the grantee *pendente lite* had constructive notice of the pendency of the ejectment suit, and was bound by the judgment rendered therein.

ID.—JUDGMENT BINDING UPON PARTIES AND PRIVIES.—A judgment in a real action is conclusive as to the ownership of the property involved therein, where it is rendered upon the merits, and creates an estoppel which can be successfully invoked, in any subsequent suit between parties and privies in reference to the questions involved therein, where no new title is established in the subsequent suit.

ID.—TAX TITLE ACQUIRED BEFORE JUDGMENT.—A tax title acquired by a defendant long prior to judgment in the suit in ejectment is concluded by that judgment.

ID.—LOST DEED—INSUFFICIENT PAROL EVIDENCE—SUPPORT OF FINDING. A party claiming under a lost deed must produce clear and certain parol evidence as to its execution and contents; and where one of the defendants relied upon a lost deed, and the parol proof as to its execution and contents was uncertain, inconsistent and unsatisfactory, the court was justified in finding that there was no such conveyance.

ID.—ACTION TO QUIET TITLE—FORMER JUDGMENT IN EJECTMENT ADMISSIBLE IN REBUTTAL.—Where one of the defendants in an action to quiet title relied upon a presumptive title by adverse possession, and denied knowledge of a prior ejectment suit, and also relied upon a prior tax title, the former judgment in the ejectment suit

was admissible in rebuttal to show that she was a party defendant to the ejectment suit, and that the tax title relied upon was concluded by the judgment therein.

ID.—SUPPORT OF FINDINGS AGAINST ADVERSE POSSESSION.—*Held*, that the evidence is sufficient to support the findings against the adverse possession claimed in favor of such defendant, as against the plaintiff's grantor; and that plaintiff, since the date of his deed from such grantor, has been and is the owner in fee in possession and entitled to the possession of the property.

ID.—CLAIM UNDER DEED—DATE SPECIFIED—REBUTTING EVIDENCE—PRIOR DEATH OF GRANTOR—RECORDS OF ESTATE—TESTIMONY—FAILURE TO OBJECT.—Where a defendant claimed under a deed of a specified date, the records of the estate of the deceased grantor were admissible in rebuttal to show his death at that date, where not objected to as not the best evidence, and where the date of the death was also proved by the testimony of a witness, to which no objection was made.

ID.—SUBSEQUENT DEED TO PLAINTIFF—COLOR OF TITLE—CLAIM OF ADVERSE POSSESSION—ORDER OF PROOF IMMATERIAL.—The fact that a certain deed in defendant's chain of title had been executed prior to a deed from the same grantor to the plaintiff does not preclude the admission of such subsequent deed in evidence, in order to show color of title, in support of a claim of adverse possession in the plaintiff against the defendant. Any error in the order of such proof in rebuttal was without prejudice.

ID.—REVIEW UPON APPEAL—OBJECTION FOR WANT OF PLEADING NOT URGED—POINT NOT REVIEWABLE ON PETITION IN BANK.—An objection that the judgment in ejectment was not pleaded in answer to defendant's cross-complaint, which was not urged in the court below or upon appeal, and which might have been obviated by an amendment, is not reviewable on a petition for rehearing in the supreme court after judgment in the district court of appeal. No specification of error can be urged for the first time upon a petition for rehearing.

APPEAL from a judgment of the Superior Court of San Joaquin County. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

· A. H. Carpenter, for Appellants.

Miller & Clark, for Respondent.

BURNETT, J.—The action was brought to quiet title. Defendants Lizzie Kincaid and Rosanna Farrington filed an an-

swer and cross-complaint putting in issue the title of plaintiff and setting up a chain of title culminating in said Rosanna Farrington and asking that her title be quieted as against any claim of plaintiff.

Both parties insist upon title by "adverse possession." Plaintiff also claims by virtue of a judgment in ejectment rendered in favor of plaintiff's grantor against the said Rosanna Farrington. The latter also claims the record title by mesne conveyances from the grantee of a tax deed.

1. The evidence shows that on December 1, 1879, a complaint was filed in the district court for San Joaquin county by Alfred Fairbanks, plaintiff's grantor, against Patrick and Rosanna Farrington in which it was alleged that plaintiff was, on or about the fifth day of November, 1879, ever since has been and now is the owner in fee of the property here in controversy and entitled to the possession thereof; and that said defendants, on November 5, 1879, unlawfully entered into possession of said property and still withhold it. The value of the rents was also set out and the prayer followed the allegations of the complaint. The defendants answered denying all the allegations of said complaint. The action was tried December 23, 1885. Findings were waived and "judgment was rendered for the plaintiff as prayed for for the possession of said premises and for the sum of $377.00 rents and costs." Under a writ issued upon said judgment the sheriff ejected said defendants from said premises on July 6, 1886, and delivered possession to the plaintiff in said action.

It is claimed by respondent that the foregoing judgment "determined all claims of ownership that defendants therein had to the premises prior to the time of the rendition of said judgment and being adverse to them was also adverse to all the defendants herein, as Lizzie Farrington Kincaid, under her deed of August 13, 1884, took only such title as was adjudged in said action to be void."

The answer of appellants is that during the pendency of said action and more than one year before the judgment was rendered the said defendants transferred the property to their daughter, the said Lizzie F. Kincaid, who seventeen years thereafter conveyed it back to said Rosanna Farrington and that the contention of respondent cannot be maintained for the reason that "the plaintiff in that action of ejectment did

not make such grantee a defendant in the action and he filed no *lis pendens* to prevent a valid transfer during the pendency of the action; . . . hence it was error to admit such judgment in evidence as it was not between the same parties or their privies (*Leroy* v. *Rogers,* 30 Cal. 229, [89 Am. Dec. 88] ; *Shay* v. *McNamera,* 54 Cal. 170) ; and furthermore, the *title* to the property in question was not adjudicated, as the judgment was for rents and possession only, and hence the judgment-roll was not admissible for the purpose of proving title. (*Mahoney* v. *Van Winkle,* 33 Cal. 448; *Burns* v. *Hodgdon,* 64 Cal. 72, [28 Pac. 61].) ''

The record is silent as to whether a *lis pendens* was filed in the former action or whether it was received in evidence in the trial of the case at bar. No objection was made to the judgment on the ground that a *lis pendens* had not been filed or that plaintiff at the time of offering said judgment had not shown that it was filed at the proper time. The record shows that the defendants objected on the ground that the same was ''incompetent, irrelevant, immaterial and not rebuttal and was not an action between the same parties or that owned the property at the time of the decree.''

There is nothing in any of the assignments of ''insufficiency of the evidence'' to indicate that the said judgment was not binding upon Lizzie F. Kincaid by reason of the failure of plaintiff to file a notice of the pendency of the action and the bill of exceptions herein does not in any manner purport to give all the evidence or proceedings at the trial.

The burden is undoubtedly upon appellants to show error, as the presumptions are in favor of the judgment of the court below. It must be assumed, therefore, in the absence of anything in the record justifying a contrary inference, that the preliminary proof showing the admissibility of the judgment was made. (*Estate of Dean,* 149 Cal. 495, [87 Pac. 13].) The conclusion follows that said Lizzie F. Kincaid, under whom Rosanna Farrington now claims, had constructive notice of the pendency of said action and was bound by the judgment rendered therein. (Code Civ. Proc., sec. 1908, subd. 2.)

The second point of appellants is equally untenable. The title was directly put in issue by the pleadings, the right to possession was based upon it and it is clear that the judg-

ment of the court in favor of plaintiff was the result of the determination that plaintiff was the owner of the property.

Section 1911 of the Code of Civil Procedure provides: "That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto." It is manifest that as the pleadings were framed it was necessary for the court to find the ownership in order to determine the right to the possession. The judgment rendered upon the merits creates an estoppel in favor of the prevailing party as against the other, which can be successfully invoked in any subsequent proceedings between the parties and privies in reference to the questions necessarily determined. We think it must be held, therefore, that appellants are estopped from asserting ownership of said property on said December 23, 1885, on the part of both or either of them, or from denying that on said date the title was in said Fairbanks to whose interest plaintiff succeeded three months thereafter, to wit, March 22, 1886.

The cases cited by appellants are entirely different from the case at bar. The scope of *Mahoney* v. *Van Winkle,* is seen in the following quotation: "But it is insisted further that the defendant cannot go behind the judgment in the ejectment suit brought against him by Mahoney. The answer to the objection is obvious. The thing forbidden is not attempted here. A new event has happened since *Mahoney* v. *Green* was tried and adjudged; and the legal effect of the event is to confer upon the defendant a present right of possession; a right which he did not have at the beginning of the ejectment nor at its conclusion."

The decision in *Burns* v. *Hodgdon* is based upon the ground that "The right, title and claim now set up by the plaintiffs herein are not the same which were tried and determined in said suit brought by said Hodgdon, but the plaintiffs here have title to said premises and a right to the possession thereof, which were not tried nor determined, nor within any of the issues involved in said suit brought by Wadsworth Hodgdon."

So in the case at bar the said judgment of December 23, 1885, is conclusive only as to the question determined, that is, who was the owner and entitled to the possession of the

property at that time, and it does not preclude appellants from contending that by virtue of subsequent events they have become vested with the title and should have prevailed in the present action.

2. Appellants claim that the property was sold for taxes and a deed executed by the sheriff to John Crofton in 1861; that the said Crofton conveyed to Edmund Wiezsinger, October 9, 1861, and that the latter at some time thereafter, the date not being disclosed by the evidence, conveyed to appellant, Rosanna Farrington, which was followed, as we have seen, by the deed to Lizzie Kincaid and then the property was deeded back to Rosanna Farrington. Thereby it is sought to connect defendants with the original source of title. This position, however, cannot be maintained for two reasons: No deed from Wiezsinger to Rosanna Farrington was produced and the parol evidence as to its execution and contents was so uncertain and unsatisfactory as to justify the court in finding that there was no such conveyance. Indeed, if the court had found in favor of appellants as to this contention it is doubtful whether the finding could be upheld in view of the rule that "oral testimony as to the contents of a lost deed must be clear and certain and show substantially the contents of the instrument." (*Nicholson* v. *Tarpey*, 124 Cal. 447, [57 Pac. 457]; *Kenniff* v. *Caulfield*, 140 Cal. 44, [73 Pac. 806].)

In each of the foregoing cases the following from *Edwards* v. *Noyes*, 65 N. Y. 127, is quoted with approval: "Parol evidence to establish the contents of a lost deed should be clear and certain. It should show that the deed was properly executed with the formalities required by law. It should show all the contents of the deed not literally but substantially. If anything less than these requirements would suffice, evil practices which it was the object of the statute of frauds to prevent, would be encouraged." The testimony of Rosanna Farrington, the only witness on the subject, does not meet this requirement. It is uncertain, unsatisfactory and inconsistent. It is not clear as to whether Crofton or Wiezsinger executed a deed to her, or as to the contents of said alleged deed.

But again, if said deed was executed, while the exact date of the conveyance is not shown, it does appear that it was long prior to the date of the said judgment of December 23,

1885. Hence, we must assume that it was considered in said proceedings, as the questions whether such deed was made and, if so, the legal effect of it were necessarily involved in the issues presented by the pleadings and were determined adversely to appellants' contention. Further inquiry is therefore foreclosed by said judgment.

The other claim that subsequently title by prescription was acquired by defendants might have been upheld by the trial court if full credit had been given to the testimony of said Rosanna Farrington. But her testimony was impeached in some material respects and we cannot say that the court was not justified in rejecting her statements in reference to the elements of adverse possession. At least, the evidence is sufficient to support the findings of the court against her upon this issue. Indeed, apart from the presumption that arises from the legal title, neither party seems to have had for the statutory period an adverse possession. But, as we have seen, the court was justified in finding against defendants as to the deed from Wiezsinger to Rosanna Farrington and as to title by prescription; and by reason of said judgment of December 23, 1885, and deed from Fairbanks and subsequent possession the finding is warranted: "That plaintiff, at the time of the commencement of this action, was, and ever since the 22d day of March, 1886, has been and now is, the owner in fee and in the possession and entitled to the possession" of said property.

These findings are decisive of the controversy and they support the judgment in favor of plaintiff.

3. Some objections are made to the rulings of the court, during the progress of the trial but only three are deemed of sufficient importance to demand attention. The judgment-roll to which reference has heretofore been made was offered as rebuttal evidence by plaintiff. Defendants made the objection, as before seen, that the evidence "was incompetent, irrelevant, immaterial and not rebuttal."

The general objection we have sufficiently considered.

The evidence was clearly admissible in rebuttal for two reasons: 1. Rosanna Farrington had testified as to her peaceable and continuous possession of the property over a period of time including the filing of the complaint and the judgment in said action.

7 Cal. App.—29

She said no one ever questioned her right to the property. She was asked upon cross-examination in reference to said suit and she denied any knowledge of it. It was manifestly proper, therefore, to oppose her declaration by the production of the record.

2. Plaintiff in his case in chief connected himself with the original source of title by mesne conveyances. Defendants, to nullify the effect of this evidence, introduced a tax deed in their attempted deraignment of title. Therefore it was proper by said judgment to show that said claim of defendants had been adjudged against them.

Certain records in the matter of the estate of John Crofton, deceased, and a deed from John Crofton et al. to Frank Harrison, Jr., and Elizabeth Harrison, predecessors in interest of plaintiff, were also received in evidence over similar objections. The former were introduced to show that John Crofton died prior to the time when Rosanna Farrington testified she had received a deed from him. The evidence was, therefore, relevant, material and in rebuttal. If not the best evidence, it is sufficient to say that no such objection was made and a witness testified afterward without objection to the same effect.

The said deed from Crofton et al. was dated February 4, 1862, whereas the evidence of defendants showed that John Crofton had executed a deed to Wiezsinger of the same property October 9, 1861.

The only point pressed by appellants in their brief as to this deed is that it "was given, executed and recorded more than four months after the said Crofton had conveyed his title to Wiezsinger and hence his deed to Harrison could have conveyed no title."

But this objection is not tenable for the reason pointed out by respondent that the deed was admissible to show color of title in support of the claim of adverse possession by plaintiff. (*Wilson* v. *Atkinson,* 77 Cal. 485, [11 Am. St. Rep. 299, 20 Pac. 66].) It was probably not strictly rebuttal, but if error was committed in that respect it was without prejudice.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 28, 1908, and the following opinion was then rendered:

THE COURT.—In his petition for a rehearing counsel for appellants makes a point which was never raised, either in the superior court or before the district court of appeal, viz.: that it was error to admit in evidence the judgment-roll in the case of *Fairbanks* v. *Farrington,* for the reason that it was not pleaded in plaintiff's answer to the cross-complaint of defendant.

It is true that plaintiffs objected at the trial to the evidence of the former adjudication in these words "To the admission of each of said instruments in evidence, the defendants objected on the ground that the same were each incompetent, irrelevant, immaterial and not rebuttal, and was not an action between the same parties or that owned the property at the time of the decree."

This was an objection which, so far as it was specific, directed the attention of the trial court to matters entirely foreign to the question of pleading raised for the first time in the petition filed here for a rehearing after decision of the district court of appeal. In the brief filed by appellant in that court no such question was suggested, and naturally it was not discussed. Even if it had been made in the argument there, it might have been properly disposed of by saying that the objection could not be raised for the first time on the appeal, for if it had been raised at the trial it might have been obviated by an amendment of the answer, if an amendment was necessary. Whether it would have been necessary is a point which we are not called upon to decide, the rule being that no specifications of error can be made for the first time in a petition for rehearing.

Rehearing denied.