PORTER v. NORTHERN PAC. RY. CO.

(Circuit Court, D. Idaho, N. D. May 25, 1908.)

1. REMOVAL OF CAUSES—PETITION FOR REMOVAL—VERIFICATION.

While it is the better practice to verify a petition for removal, there is no law requiring it, and no particular form of verification is essential. A verification by the attorney for the defendant, made on belief, is sufficient, especially where the defendant is a corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 177.]

2. SAME—AMOUNT OR VALUE IN DISPUTE.

Where a plaintiff in a state court alleges title to real estate and a trespass thereon by defendant, and prays for damages and for general

relief, as may be done under the state practice, and his title is put in issue by the answer, it is a part of the matter. in dispute, the value of which is to be taken into account in determining the right of removal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 132.

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

On Motion to Remand to State Court.

Geo. W. Tannahill, for plaintiff.
James E. Babb, for defendant.

DIETRICH, District Judge. The first ground of the motion to remand is that the petition for removal is not verified by the defendant, but by its attorney, and that the verification is not in the form prescribed by the statutes of Idaho for the verification of pleadings. There is no law requiring that a petition for removal be verified; but verification is almost universal, and it is doubtless the better practice. There is, however, no reason why the petition should not be verified on behalf of the defendant by its attorney, especially where, as in this case, the petitioner is a corporation and must act through its officers and agents, and where, as here appears, the attorney is acquainted with the facts, and the petitioner has no officer resident in this state, where the suit is pending. It is stated by affiant "that he has read the foregoing petition and believes the same to be true." This is considered to be sufficient.

The other and more serious contention is that the record does not disclose that the value of the matter in controversy is in excess of $2,000. Plaintiff's view is that the action is one to recover damages for trespass, and that the relief sought is a money judgment in the sum of $1,500, and that therefore the amount of money judgment prayed for is the measure of the value of the matter in issue. In his complaint plaintiff alleges that he is "the owner in fee of the following described real property, situate in the city of Lewiston, Nez Perce county, state of Idaho," a particular description of which real estate is set forth. He further alleges that the defendant is engaged in grading a roadbed and in piling dirt upon said land, and that he "has been injured and damaged by the unlawful trespass and wrongful acts of the defendant in grading and piling dirt upon the plaintiff's land" in the sum of $1,500. He prays for damages in the sum of $1,500 for the unlawful trespass, and "that the plaintiff have all other and further proper relief." In its petition for removal the defendant denies title of the plaintiff to any part of the premises described, and denies any acts of trespass.

Plaintiff does not rely upon mere possession for his right to recover; but he relies exclusively upon title, and title is thus tendered as an issue, and if his allegation in that respect is denied he cannot recover, unless he makes proof of title and such fact is found in his favor. In Hilton v. Dickinson, 108 U. S. 165, 2 Sup. Ct. 424, 27 L. Ed. 688, the court says:

"It is the actual matter in dispute as shown by the record, and not the ad damnum, alone, which must be looked to."

In Smith v. Adams, 130 U. S. 167, 9 Sup. Ct. 566, 32 L. Ed. 895, the court says:

"By matter in dispute is meant the subject of litigation, the matter upon which the action is brought and issue is joined, and in relation to which, if the issue be one of fact, testimony is taken. It is conceded that the pecuniary value of the matter in dispute may be determined, not only by the judgment prayed, where such is the case, but in some cases by the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment."

Suppose the cause remained in the state court and a jury were waived. It would be necessary for the court to find upon the issue of title. And under the prayer for general relief, that court not being bound by the distinction between legal and equitable relief, the judgment might in terms conclusively adjudicate title to the tract of land described. In New Jersey Zinc Co. v. Trotter, 108 U. S. 564, 2 Sup. Ct. 875, 27 L. Ed. 828, the plaintiff made a claim similar to that asserted by the plaintiff here; that is, Trotter sought therein to recover damages of the zinc company for entering on his lands and digging up and carrying away a quantity of ore. But neither party set up title. The court, after stating its conclusion that the only matter involved was the amount of damages claimed, uses the following language:

"Had the zinc company pleaded title to the land from which the ore was taken, and issue had been joined on that plea, a different question would have been presented. In that way the land might have been made the matter for adjudication, and thus the matter in dispute on the record; but as this case stands only the possession of Trotter and his right to the ore are involved."

Here the plaintiff himself tenders as an essential issue the question of title, and in addition to the money judgment prays for general relief proper under the state practice. See, also, Stinson v. Dousman, 61 U. S. 461, 15 L. Ed. 966; Shappirio v. Goldberg, 192 U. S. 232, 24 Sup. Ct. 259, 48 L. Ed. 419; Nemo v. Farrington (Cal. App.) 94 Pac. 874.

I have examined, but it would serve no useful purpose to distinguish in detail, the cases cited by plaintiff in support of his position. No one of them involves a record similar to that here presented. Cameron v. U. S., 146 U. S. 533, 13 Sup. Ct. 184, 36 L. Ed. 1077, which, upon the argument, I thought to be in point, appears upon examination not to decide the question here presented. Moreover, upon a somewhat different showing, the court later entertained jurisdiction of the case. See Id., 148 U. S. 301, 13 Sup. Ct. 595, 37 L. Ed. 459.

While the question is not entirely free from doubt, I have concluded that upon the pleadings the title of the real estate described is a part of "the matter in dispute." If this conclusion is correct, it is not denied, as I understand, that the value of the entire matter in dispute exceeds $2,000.

The motion will therefore be denied.