[Civ. No. 5436. Third Appellate District.—October 17, 1935.]

RAYMOND HURD, Appellant, v. CHRISTINA WALKER, Respondent.

Peter T. Rice and Stanley Visel for Appellant.

Ernest M. Best for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against him in a suit under the provisions of section 231 of the Civil Code to determine the paternity of an illegitimate child. It was held that he is the father of the child.

The appellant contends that the findings and judgment are not supported by the evidence; that the court erred in receiving in evidence a previous record of the proceedings of the juvenile court declaring him to be a ward of the court without first requiring the foundation for its admission to be proved. It is also asserted the court erred in denying plaintiff's motion for a new trial. The appeal is presented to this court on a settled bill of exceptions.

An appeal from an order denying a motion for new trial does not lie. (Sec. 963, Code Civ. Proc.; *Nordin* v. *Eagle Rock State Bank*, 139 Cal. App. 584, 589 [34 Pac. (2d) 490];

*Heine Piano Co.* v. *Bloomer,* 183 Cal. 398 [191 Pac. 900].)
Section 963, *supra,* was amended in 1915 so as to exclude the
right of appeal from an order denying a motion for new trial.
The notice of appeal from the order denying the motion for
new trial in this case is ineffectual.

The findings and judgment declaring that the plain-
tiff is the father of Kenneth Johnson, the illegitimate child
of the defendant, are sufficiently supported by the evidence.
There is a conflict of evidence in that regard. Under the
well-established rule governing appellate courts under such
circumstances we are powerless to disturb the findings or
judgment. (*Blythe* v. *Ayers,* 102 Cal. 254 [36 Pac. 522];
*Estate of Gird,* 157 Cal. 534 [108 Pac. 499, 137 Am. St. Rep.
131]; 2 Cal. Jur., p. 879, sec. 515.) The defendant testified
positively to repeated acts of sexual intercourse with the
plaintiff at times when the child in question was likely to have
been conceived. She said that she had access to no other man
during that period of time. Kenneth was a witness at the
trial of this case. He was then nine years of age. The trial
judge had an opportunity of observing him and his likeness
to the plaintiff which furnishes some slight evidence of
paternity. The trial judge also had the opportunity of seeing
the witnesses on the stand and of judging of their credibility
and of the weight and sufficiency of the evidence. Other
circumstances support the findings of the court that plaintiff
is the father of the child. The evidence is therefore sufficient
to support the findings and judgment.

The appellant assigns the admission in evidence of
the juvenile court proceedings as reversible error. We think
not. That record was admitted "for limited purposes only".
We assume that it was admitted for the purpose of impeach-
ing the plaintiff by showing that he had made statements in
that court proceeding in conflict with his testimony in this
case. Moreover, we must assume this record was admitted in
evidence without the objection of the appellant. The settled
bill of exceptions does not show that any objection was made
to the introduction of this record. An objection to the
introduction of evidence may not be made for the first time
on appeal. (2 Cal. Jur., p. 263, sec. 82.) In the absence of
a showing in the bill of exceptions to the contrary, in support
of a judgment it will be presumed proper foundation for the
introduction of an otherwise proper court record or docu-

ment was established. (*Nemo* v. *Farrington,* 7 Cal. App. 443, 446 [94 Pac. 874].)

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.