The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 This cause is before us upon a motion to dismiss the writ of error.
 

 On the 10th of February, 1863, certain issues of fact were sent by the Orphans’ Court of Washington County, District of Columbia, to the Circuit Court of the district to be tried by a jury.
 

 These issues were transferred, by the act of Congress of March 3, 1863, to the Supreme Court of the District of Columbia, and were brought to trial in November, 1865, before that court, held by a single judge, in special term. All the issues were determined in the affirmative by the jury, under the rulings of the j udge. Exceptions were taken to the rulings, and a motion for new trial was made in general term, before all the judges, and was overruled. Subsequently, an order was made at special term certifying the finding of the jury on the issues to the Orphans’ Court.
 

 The record of these proceedings is brought here by writ of error.
 

 The case, in almost every particular, is identical with that
 
 *171
 
 of
 
 Van Ness
 
 v.
 
 Van Ness.
 

 *
 

 In that case, as in this, an issue of fact was sent out of the Orphans’ Court to the Circuit Court to he tried by a jury; was tried and found in the negative. Exceptions were taken to the rulings upon the trial, and an order was made certifying the finding to the Orphans’ Court. The proceeding was -brought into this court .by writ of error, which was dismissed for want of jurisdiction.
 

 It is true that in the case before us the exceptions were taken to the rulings at special term; and that a motion for new trial was heard at general term, and was denied, whereas it does not appear that there was any motion for new trial in the case of Van Hess, and it was insisted in argument that this difference in proceeding distinguishes the two eases, so that the latter cannot be regarded as an authority in the decision of the former.
 

 We are unable to perceive that the difference is material. The order certifying the finding to the Orphans’ Court, in the case of Yan Hess, was identical in effect with the two orders overruling the motion for new trial, and certifying the finding in the ease before us. In each case the exceptions taken at the trial before the jury were overruled, and nothing was left for action in the court before which the issues were tried; but the cause went to the Orphans’ Court for final judgment.
 

 In that case it was held that the order was not one which could, under the act, be re-examined on writ of error, and we see no reason for a different ruling in this.
 

 It was argued that the act organizing the Supreme Court of the district gives this court jurisdiction of this case by writ of error. We do not think so. That act expressly provides that any final judgment, order, and decree of the District Supreme Court may be re-examined upon writ of error or appeal, “in the same eases and in like manner as provided by law in reference to the final judgments, orders, and decrees of the District Circuit Court.” It is clear, therefore, that the action of the former court can be re-examined here
 
 *172
 
 in no case in which, like action in the latter court could not be re-examined.
 

 The only real difference between the two statutes is that the latter gives an appeal from a decision of the single judge at special term, on a motion for new trial, to the whole court at general term, or secures an original hearing of the motion in general term. This is an advantage to the unsuccessful party not formerly enjoyed, hut it makes no changes as to re-examination upon appeals or writs of error in this court.
 

 The court has considered the motion for a
 
 certiorari
 
 to supply alleged defects in the record; hut, after a careful comparison of the suggestions of counsel with the record before us, and the act establishing the Supreme Court for the District of Columbia, we are satisfied that the granting of the motion would avail nothing to the plaintiff in error. It must, therefore, be overruled. • And the writ of error must be
 

 Dismissed eoR want oe jubisdiction.
 

 *
 

 6 Howard, 62.