Cartter, Ch. J.,
delivered the opinion of the court:
If we were guided in this case by the technical rules of common-law practice, viz, that there can be no bill of exceptions where a writ of error will not lie, we would undoubtedly grant this motion to dismiss for want of jurisdiction. Such a determination of the question would leave an important and increasing class of interests without any relief, where there had been a mistake at the trial of the issues. We think, however, that the proper remedy has been provided. The act of assembly of Maryland, which is the law of this District, expressly authorizes the court of law trying issues from the orphans’ court to grant a new trial; and the act of Congress under which this court is constituted declares that a motion for a new trial, on a case or bill of exceptions, shall be heard in the first instance at a general term. It seems to us, there *212 fore, that the motion for a new trial is properly here under the statute; and, so far as this class of cases is concerned, they are now entitled to the same influences of justice as in other cases where a mistake has been committed at the trial.
The motion to dismiss is overruled.
Olin, J.:
I am also of opinion that the statute which requires a motion for a new trial on a case or bill of exceptions to be heard here in the first instance is applicable to this case. It is quite common that great interests are involved in these issues, and there should be some mode of reviewing the ruling of the court where the judge has fallen into error or mistake. The finding of the jury is by the act of assembly made final and conclusive upon the orphans’ court, and this is a controlling reason why the verdict should be founded upon the justice of the case. I think the motion should be overruled.
MacArthur, J.:
We have been referred to the case of Van Ness vs. Van Ness, 6 How., 62; but that case only decides that the finding of the jury upon an issue sent from the orphans’ court for trial to the late circuit court of this District and the order certifying such finding is not a final judgment upon which a writ of error lies to the Supreme Court of the United States. Since that adjudication was made the circuit court has been abolished, a,nd the present supreme court established in its place. By the 9th section of the act making this change, it is enacted that a motion for a new trial upon exceptions shall be heard in the first instance at a general term. The most ample provision is also made for taking exceptions on the trial of any cause. As the law stood when Van Ness vs. Van Ness was decided, the motion was made before the circuit judge who presided. Now it is heard on exceptions at the general term, where all the judges sit in banc, and there is no other power to hear such a motion when made upon exceptions. The statute absolutely transfers the hearing of such a motion from the special to the general term, and there is no discretion left to the court on this point. To deny this *213 privilege is therefore to destroy the right to ask for a retrial where an exception has been taken.
In Brown vs. Wiley, 4 Wall., 165, this construction of the statute was incidentally sustained. In that case issues from the orphans’ court were tried at a special term before a single justice, and a motion for a new trial on exceptions was heard in the first instance at the general term, as prescribed in section 9, and overruled.
An order was entered by the court directing the finding of the jury to be certified to the orphans’court. The supreme court held that a writ of error would not lie, as such an order was not a final judgment. But the practice in that case in this court was identical with that pursued in the case at bar. In both instances the motion for a new trial was heard at the general term, and the court appear to recognize and sanction the practice. The chief-justice, who delivered the opinion, in comparing the law as it was at the time of the Yan Ness case and under the act now in force, observed: “ The only real difference between the two statutes is that the latter gives an appeal from the decision of a single judge at a special term on a motion for a new trial to the whole court at general term, or secures an original hearing of the motion in general term. This is an advantage to the unsuccessful party not formerly enjoyed, but it makes no changes as to re-examination upon appeals or writs of error in this court.”
This language plainly intimates that the construction of the statute is that which we all give it in this case.
I concur in the decision overruling the motion to dismiss.