## BRADSTREET COMPANY *v.* HIGGINS.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

Submitted October 27, 1884.—Decided November 17, 1884.

When the jurisdiction of this court for review of the judgments and decrees of circuit courts depends upon the amount in controversy, that amount is the sum shown by the whole record, including counter-claims, and not by the claims set up by the plaintiff only. *Hilton* v. *Dickinson*, 108 U. S. 165, affirmed.

This was a motion to dismiss for want of jurisdiction, it being alleged that the amount in controversy was not sufficient to give jurisdiction. The facts are stated in the opinion of the court.

*Mr. W. Hallett Phillips* (*Mr. Charles L. Dobson* was with him) for the motion.

*Mr. Henry Wise Garnett*, opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This record shows that Higgins, the defendant in error, brought suit against the Bradstreet Company for $8,000, the price and value of certain property of his which the company had appropriated to its own use. The answer of the company contained, 1st, a general denial of the allegations of the petition; 2d, a counter-claim of $1,104.18 for moneys collected by Higgins for the use of the company and not paid over; and, 3d, a counter-claim of $1,833.42, the expenses of the office of the company at Kansas City over its receipts, which Higgins, as superintendent of the office, was bound to pay. Higgins in his reply admitted the first counter-claim, and consented to its being applied as a credit upon the demand for which his suit was brought. As to the second counter-claim, his defence was, in effect, that the legitimate expenses of the office at Kansas City while he was superintendent, which he was bound to pay, did not exceed its legitimate receipts. Upon these issues a trial was had, which resulted in a verdict and judgment in favor of Higgins for $3,333.92. Upon the trial a bill of exceptions was taken by the company, from which it appears that evidence was introduced by the company "tending to show that the legitimate expenses of the Kansas City office exceeded its legitimate receipts during the time plaintiff acted as its superintendent in the sum of $61.10, including plaintiff's salary of $100 per month as expenses." This writ of error was brought by the company, and Higgins now moves to dismiss because the value of the matter in dispute does not exceed $5,000.

In *Hilton* v. *Dickinson*, 108 U. S. 165, it was decided, on full consideration, that our jurisdiction for the review of the judgments and decrees of the circuit courts, in this class of cases, depends on the value of the matter in dispute here, and that it is the actual matter in dispute, as shown by the whole record, and not the *ad damnum* alone, which governs. Here the recovery against the company was less that $5,000, and that, according to all the cases which were fully collected and commented on in *Hilton* v. *Dickinson*, is not of itself enough to give us jurisdiction. The right of the company to bring the case here, therefore, depends on the jurisdictional effect of its various

counter-claims. As the first of these claims was admitted by Higgins in his reply, there could not have been below, and there cannot be here, any dispute about that. The conclusive presumption upon the record is, that the amount of this claim was credited upon the sum found due from the company for the property about which the suit was brought, and the verdict and judgment given only for the balance remaining after that deduction was made. As to the second, the record shows that while the claim in the pleadings was for $1,833.42, the evidence introduced in support of it only tended to prove that there was $61.10 due from Higgins on that account. The dispute in this court, therefore, according to the record is, 1st, as to the right of Higgins to retain his judgment against the company for $3,333.92, and 2d, as to the right of the company to recover $61.10 from Higgins. As these two sums combined do not make $5,000, it is clear we have no jurisdiction, and the motion to dismiss must be granted. Had it not been for the statement in the bill of exceptions, which, in effect, limited the counter-claim to the amount which the evidence tended to prove, the case would have been different, for then it would have appeared that the company might have been entitled to recover the whole amount of $1,833.42, after defeating the entire claim of Higgins, thus making the apparent value of the matter in dispute here in excess of our jurisdictional requirements. As it is, however, we can look only to the statement in the bill of exceptions of what the amount in dispute under this claim actually was.                                    *Dismissed.*