# NEW YORK ELEVATED RAILROAD *v.* FIFTH NATIONAL BANK.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF · NEW YORK.

Submitted October 12, 1886.—Decided November 1, 1886.

The value of the matter in dispute in this court is determined by the amount
of the judgment below, without regard to the amount of the verdict.
Jurisdiction of a cause having once attached in this court, cannot be defeated
by plaintiff below waiving or releasing enough of the judgment to bring it
within the jurisdictional amount.

This was a motion to dismiss on the ground that the matter
in dispute did not exceed the sum or value of $5000. The
suit was brought by the Fifth ·National Bank of the City of
New York against the New York Elevated Railroad Com-
pany, to recover damages for injuries to real estate. A trial
was had, which resulted in a verdict against the railroad com-
pany, on the 9th of June, 1886, for $5000. At the time of the
rendition of the verdict the railroad company moved for a new
trial. This motion was denied on the 10th of August, and, on
the 26th of the same month, a judgment was entered for
$5068.33, that being the amount of the verdict, with interest
added to the date of the judgment. The claim now made was,
that the value of the matter in dispute was to be determined
by the verdict, without the interest.

*Mr. William F. McRae,* for the motion.
I. The subject-matter involved in this appeal, exclusive of

costs, is only $5000, and the Supreme Court is therefore, under the statute, without jurisdiction to hear this appeal, and the writ of error should be dismissed. *Walker* v. *United States*, 4 Wall. 163; *Western Union Telegraph Co.* v. *Rogers*, 93 U. S. 565; *Railroad Co.* v. *Trook*, 100 U. S., 112; *Merrill* v. *Petty*, 16 Wall, 338; *Hilton* v. *Dickinson*, 108 U. S. 165.

II. The subject "matter in dispute" is the amount of the verdict, and that being only $5000, no review by the Supreme Court will lie. It can make no difference that interest has accrued in the meantime, and been added in the judgment. The "matter in dispute," the subject of grievance, is the verdict, and not the interest, and jurisdiction depends on that; and that being only $5000, exclusive of costs, the Supreme Court obtains no jurisdiction. *Knapp* v. *Banks*, 2 How. 73; *Walker* v. *United States, supra.* And see *Josuez* v. *Conner*, 75 N. Y. 156.

III. Defendant in error has a right to waive or release any part of the judgment, and, as it releases or waives the accrued interest between the time of the rendition of the verdict and the time of the entry of the judgment, the subject, or matter in dispute, must necessarily only be $5000, exclusive of costs, and consequently there is no jurisdiction to review. Defendant in error waiving this interest, plaintiff in error cannot allege that it is in dispute. *First National Bank of Omaha* v. *Reddick*, 110 U. S. 224; *Brown* v. *Sigourney*, 72 N. Y. 122.

*Mr. Henry H. Anderson, Mr. Julien T. Davies*, and *Mr. Howard Townsend*, opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

The rule is settled that, when a writ of error is sued out from this court by the defendant below, and no question is presented growing out of a partial defence to the action, or a counter-claim or a set-off, the value of the matter in dispute is fixed by the amount of the judgment. *Gordon* v. *Ogden*, 3 Pet. 33; *Hilton* v. *Dickinson*, 108 U. S. 165; *Henderson* v. *Wadsworth*, 115 U. S. 264, 276. Our jurisdiction cannot be invoked

until after a final·judgment, and, until such a judgment has been rendered, the cause remains in the full judicial control of the court in which it is pending. It was because of this that we declined to take jurisdiction in *Thompson* v. *Butler*, 95 U. S. 694, where the verdict was for more than $5000, but was reduced to that amount, by leave of the court, before the judgment, which was for the reduced sum. It is true that our jurisdiction depends on the amount of the judgment, exclusive of interest thereon, *Knapp* v. *Banks*, 2 How. 73 ; *Western Union Telegraph Co.* v. *Rogers*, 93 U. S. 565, 566 ; but here the interest accrued before judgment, and not after. In *The Patapsco*, 12 Wall. 451, jurisdiction was taken in a case where the decree was for $1982, " and interest from the date of the report," which made more than $2000 due at the time of the decree, that being then the jurisdictional limit.

As the jurisdiction has once attached it cannot be defeated by a waiver or release of the amount in excess of $5000.

*The motion to dismiss is denied.*

MR. JUSTICE FIELD took no part in this decision.