verton, which he had found to be N.W. by N. by mistake. We have already held that the Circuit Court is bound to find all such facts as are material and necessary to a correct determination of the question of liability involved. Upon examination of these proposed findings in connection with the evidence set out in the bill of exceptions, we think that most of them are immaterial, or are covered by the findings actually made. The sixth, however, is important, and reads as follows: "The porting of the Wolverton's wheel when she was about 200 feet from the Packer was a change of four or five points from her course." We think the claimant was entitled to a finding in regard to this point. It would also have been more satisfactory if the court had found the number of points the Packer swung under the order to starboard given "upon signalling the Wolverton," as found in the ninth finding. But as no request was made for a finding upon this point, and no exception taken to the omission, it is now too late for the claimant to demand it.

*The decree of the court below will be reversed, and the case remanded for further proceedings in conformity with this opinion.*

---

## In re WOOD, Petitioner.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 1581. Decided May 11, 1891, and reported *ante.* page 278.

*Concurring opinion of Mr. Justice Field.*

I CONCUR in the judgment in this case, but not in all the views expressed in the opinion. I adhere to what I said in my dissent in the case of *Neal* v. *Delaware*, 103 U. S. 370, 405, 409, that there is nothing in the late amendments to the Constitution, the Thirteenth, Fourteenth and Fifteenth, which requires that colored citizens shall be summoned on juries,

grand or petit, in order to secure to persons of their race justice and equality in the administration of the law; and, further, that the manner in which jurors to serve in the state courts shall be selected, and the qualifications they shall possess, are matters entirely of state regulation.

------

# HARDIN *v.* JORDAN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 161. Argued January 23, 26, 27, 1891.—Decided May 11, 1891.

In ejectment a plaintiff must stand or fall by his own title, and cannot avail himself of a defect in the title of the defendant.

Grants by the United States of its public lands bounded on streams and other waters, made without reservation or restriction, are to be construed, as to their effect, according to the law of the State in which the lands lie.

It depends upon the laws of each State to what extent the prerogative of the State to lands under water shall extend. The cases reviewed.

A judicial decision of the present day, made by the court of highest authority in Great Britain, is entitled to the highest consideration on a question of pure common law.

By the common law, under a grant of lands bounded on a lake or pond which is not tide-water and is not navigable, the grantee takes to the centre of the lake or pond, ratably with other riparian proprietors if there be such: and this rule prevailed in Illinois when the patent to the plaintiff's ancestor was granted in 1841, and is still the law of that State, notwithstanding the opinion of its highest court in *Trustees of Schools* v. *Schroll,* 120 Illinois, 509.

The ruling of the Supreme Court of Illinois in its opinion in *Trustees of Schools* v. *Schroll,* 120 Illinois, 509, that a grant of lands bounded by a lake or stream does not extend to the centre thereof, was not necessary to the decision of the case, and, being opposed to the entire course of previous decisions in that State, it is disregarded.

The adverse decision of the land department does not estop plaintiff, because it had no jurisdiction over the case.

EJECTMENT. Judgment for the defendant. The plaintiff sued out this writ of error. The case is stated in the opinion.