141 U.S. 117
 11 S.Ct. 942
 35 L.Ed. 648
 REYNOLDS et al.
v.
BURNS et al.
 May 25, 1891.
 
 This was a bill originally filed by the appellants to enjoin the execution and enforcement of a judgment in ejectment, wherein Thomas Burns and Martha B. Burns were plaintiffs, and Daniel Reynolds, Levi H. Springer, Samuel F. Halley, Hiliary H. Halley, Watt C. Halley, and Richard Hurt were defendants.
 It appeared from the bill and exhibits that on June 22, 1859, one John J. Bowie, of Chicot county, Ark., died, leaving a will, in which, after bequeathing $1,000 to his daughter, Martha B. Leatherman, (subsequently Martha B. Burns,) in full of her share of the estate, he left the rest to be equally divided between his wife, America, and their two sons, John R. and James W. Bowie, appointing his wife sole executrix, with a further provision that, upon the death of the wife, her estate should be equally divided between the three children, Martha, John, and James. Both sons died after the death of the father, and before the estate had been administered or divided. The widow took out letters testamentary upon the estate, and proceeded to administer the same to a final settlement in the probate court, upon which settlement there was adjudged to be a balance due her of $6,234.41. It further appeared that on the 19th of November, 1866, the said America A. Bowie, executrix, executed to Zachariah and Martha B. Leatherman, his wife, a deed in which, after stating the above facts and her wish 'to retire from the management and control of said estate, and to provide for her comfort and quiet in her declining years,' she conveyed all her right in the estate, both by virtue of the will and by virtue of her being the mother and heir of her sons, John and James, and well as all her claim upon such estate for the balance found to be due her by the probate court in the final settlement of such estate, in consideration of certain live-stock belonging to such estate, and a covenant on the part of Zachariah Leatherman to pay her an annuity of $400 per year during her life, the grantor retaining a lien upon all the estate for the payment of such annuity, with an express reservation that, if the grantee should fail to make payment of any installment of such annuity, the grantor should have power and authority, upon giving 30 days' notice, to sell enough of such real estate to satisfy such of said installments as should be due and unpaid; Leatherman further covenanting that the grantor was to have a home at his house during her life, or that he should pay her $200 in addition to the annuity in case he should sell his present home, and the grantor should not wish to remove with him, and to take care of and provide for her during her life; with a further covenant that the grantees should take immediate possession of all of such estate, and have full and complete control of the same.
 The bill further averred that, at the time of the execution of said deed, the only assets remaining unadministered consisted of the interest of such estate in certain lands; that all persons interested in the estate were dead except Mrs. Bowie and her daughter, Martha; that, besides her life-interest in the property, Mrs. Bowie had said judgment in the probate court for $6,234.41, 'for which all the said property, then not worth $6,000, was under the law primarily liable and subject to be sold,' to pay such balance; that she was then in possession of such property, and entitled to retain possession thereof until the estate was finally closed and her judgment paid, so far as the assets of the estate extended; that she also had an interest as heir of her sons in certain of the lands; that the said Martha had no real or equitable in terest of value in such lands, as the same were not worth enough to pay the amount then due her mother, and she could have no interest, under the will or otherwise, except her legacy, which she had received; that she was the owner of a mere naked legal title, subject to a life-interest in one-third part; that possession was delivered under the aforesaid deed to Martha and her husband, who acquired the possession, and thus acquired a good title to what she had before held by a mere naked legal title, that could have been extinguished by a sale to pay such judgment in favor of her mother; that, after the said Martha and her husband entered into possession of said property under their purchase, they or she alone, thereafter, and prior to May 1, 1876, the date of the sale to these plaintiffs, sold and transferred to various parties parts of the land so acquired; that the said Martha and her husband failed to pay the annuity and provide a home for Mrs. Bowie as arranged for in said deed, and in March, 1876, there then being due and unpaid on such annuity over $1,300, Mrs. Bowie, under the authority contained in said deed, advertised that she would sell such lands or so much thereof as would be necessary to pay said annuity, and at such sale the plaintiffs 'each purchased certain tracts or parts of said lands, and paid for the same the full value thereof for a good title thereto, under the impression and belief that by such purchase they acquired a good title to so much of said lands,' the said Reynolds purchasing 385 acres for $1,180; Springer purchasing 60 acres for $40.50; and the defendant Halley 58 acres for $71, each of the plaintiffs receiving a deed for the parts purchased by them from Mrs. Bowie under the power contained in the said deed to the Leathermans, and each entered into possession; that the proceeds of such sale paid by the plaintiffs went to the support of Mrs. Bowie; that, after this money had been expended to pay the annuity contracted to be paid by the said Martha, she sought, by ejectment, to recover back the lands to which she could in no event be equitably entitled except upon payment of the money due her mother, bringing suit upon her naked legal title, when in fact she had no equitable or just title to the same, and could have none except after the payment of the debts and expenses of administration; and that to enforce such judgment would in effect make these plaintiffs support Mrs. Bowie, and give to Martha the property which was originally in the hands of Mrs. Bowie for her support, and only conveyed by her upon the promise of support, as the consideration for such conveyance. Wherefore plaintiffs prayed an injunction against the execution and enforcement of such judgment in ejectment.
 Defendants interposed a general demurrer to the bill, which was sustained, and the bill dismissed. Plaintiffs appealed to this court.
 F. W. Compton, for appellants.
 U. M. Rose and G. B. Rose, for appellees.
 Mr. Justice BROWN, after stating the facts as above, delivered the opinion of the court.
 
 
 1
 The object of this bill is to enjoin the enforcement of a judgment in ejectment upon the ground that, while the plaintiffs in such judgment held the legal title to the lands in dispute, the equitable title was in the defendants, the plaintiffs in this bill. Curtly stated, the facts are that America A. Bowie, the widow and executrix of her husband, John W. Bowie, who was also heir at law to her two sons, and a creditor of the estate of her husband to the amount of $6,234.41, executed a deed of her interest in his estate to her daughter, Martha B. Leatherman, (now Burns,) upon condition that the grantee should pay her an annuity of $400 per year, and provide her with a home during her life, and with a reservation of power to sell, upon 30 days' notice, in case of failure to perform the condition. The grantee did not pay the annuity or perform her covenants, and Mrs. Bowie, without taking any steps to obtain the annulment of the deed, or the reconveyance of the property, assumed to sell under the power contained in the deed, and did sell at public auction to the plaintiff Reynolds one parcel, for $1,180; to the plaintiff Springer another, for $40.50; to the plaintiff Halley another, for $71,—all of whom received their deeds and entered into possession. Mrs. Burns and her husband thereupon brought ejectment and obtained judgment, to enjoin which this bill was filed.
 
 
 2
 * From this brief statement of facts it is entirely clear that this court has no jurisdiction of the appeal. There is no allegation or proof of the value of the property recovered in the ejectment suit, the only showing being that the aggregate amount paid by the three plaintiffs for their parcels was $1,291.50. The only allegation of value is that the whole estate was 'not worth $6,000,' though how much less it was worth is not stated. It further appears that plaintiffs' deeds did not cover the whole of such estate, and that the amount due and unpaid upon the annuity at the time these sales were made was about $1,300.
 
 
 3
 Under no possible theory can the case be said to involve the amount exceeding $5,000 requisite to give this court jurisdiction, and the appeal must therefor be dismissed.