# TEXAS AND PACIFIC RAILWAY COMPANY *v.* SAUNDERS.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TEXAS.

No. 162. Submitted December 13, 1893. — Decided January 3, 1894.

This writ of error is dismissed because the judgment does not exceed the sum of $5000, exclusive of costs, and the jurisdiction of the court below was not involved within the meaning of the act of February 25, 1889, 25 Stat. 693, c. 236, empowering this court to review the judgments of Circuit Courts when such is the fact.

An objection that an action is brought in the wrong district cannot be raised after the defendant has pleaded in bar.

THIS was an action brought by Henry Saunders, June 4, 1888, in the Circuit Court of the United States for the Eastern District of Texas against John C. Brown, the receiver of the Texas and Pacific Railway Company, to recover damages for injuries sustained by Saunders through the negligence of the receiver, his agents, and employés, as he alleged. On February 6, 1889, plaintiff below filed an amended petition making the railway company a party defendant, and alleging the discharge of the receiver and the surrender of its property to the company, without sale, improved by the expenditure of some millions of dollars in betterments paid for out of, and augmented by property, both real and personal, purchased with the earnings during the receivership; and further, that under the order turning over the property, the company took it charged with the receiver's liabilities, which included plaintiff's claim, and that on that account, as well as because plaintiff was entitled to a lien on the betterments and property acquired by the use of the earnings, the company was liable to plaintiff; and he prayed for judgment and for general relief. The death of defendant Brown was suggested and the cause dismissed as to him. The company filed a demurrer and answered on September 12, 1889, assigning as ground of demurrer that the petition showed no cause of action, and answering by a general denial, and the averment of contributory negligence.

On September 23, 1889, the railway company, by counsel and not in its own person, further answered, pleading: (1) " That at the time plaintiff was injured the Texas and Pacific Railway and all its property was in the possession and control of John C. Brown, as receiver, appointed by the United States Circuit Court for the Eastern District of Louisiana. Defendant says that on October 31, 1888, the said John C. Brown was discharged from his trust as receiver by an order made October 26, 1888, in the United States Circuit Court for the Eastern District of Louisiana, and he was ordered to deliver all property in his hands to the defendant, and the defendant was ordered to receive said property, and did receive it on October 31, 1888, charged with all traffic liability due by the

receiver to connecting lines, charged with the performance of all contracts made by the receiver, and charged with the payment of all judgments that may be rendered in favor of claimants who may intervene in the cause of the *Missouri Pacific Railway Company* v. *The Texas and Pacific Railway Company*, in the United States Circuit Court for the Eastern District of Louisiana, at New Orleans, prior to February 1, 1889, and free from all other demands or claims arising against the receiver and prior to October 31, 1888. Defendant says that plaintiff did not intervene in said cause prior to February 1, 1889. Wherefore the defendants say they are not liable at suit of plaintiff in this court, and, if liable at all, they are only liable upon due intervention of plaintiff at New Orleans, as is provided by the order of —— discharging said receiver; which order is hereby attached and made a part of this plea. Wherefore they pray that this cause be dismissed." (2) Defendant " demurs to plaintiff's petition, and says said petition shows no cause of action, if this court has jurisdiction; and this court has not jurisdiction over the parties plaintiff and defendant, nor of the subject-matter." (3) General denial. (4) Contributory negligence. (5) Statute of limitations.

The cause coming on for trial, it appears from the bill of exceptions that the defendant first presented the plea above numbered one, which the court overruled and held insufficient. The defendant then presented its plea or demurrer to the jurisdiction on the ground that Saunders " resided in the Eastern District of Texas, and the defendant Brown resided in the county and city of Dallas, Texas, which is by law placed in the Northern District of Texas, and there was no fact alleged to give this court jurisdiction," which was also overruled. Exceptions were duly saved. The trial then proceeded, and, among other things, the order of the Circuit Court for the Eastern District of Louisiana of October 26, 1888, discharging the receiver and directing the delivery of its property to the railway company was put in evidence; and it was also proved that plaintiff had resided in Dallas, Texas, since May 2, 1888. At the close of the testimony, defendant moved to dismiss the cause because plaintiff must intervene at New Orleans, and,

this being overruled, further because, on the pleadings, plaintiff and defendant both resided in the Northern District of Texas, which was also denied.

The jury returned a verdict in favor of plaintiff for $7500, which, at the suggestion of the court, plaintiff reduced by remittitur to $2500, and, for the recovery of the latter sum, judgment was entered. The case was then brought on writ of error to this court, and the record filed August 30, 1890.

*Mr. John F. Dillon* and *Mr. Winslow S. Pierce* for plaintiff in error.

*Mr. James Turner* for defendant in error.

Mr. CHIEF JUSTICE FULLER delivered the opinion of the court.

We are of opinion that the writ of error must be dismissed because the judgment does not exceed the sum of five thousand dollars, exclusive of costs, and the jurisdiction of the court below was not involved within the meaning of the act of February 25, 1889, 25 Stat. 693, c. 236, empowering this court to review the judgments of Circuit Courts, when such is the fact. The order of October 26, 1888, of the Circuit Court for the Eastern District of Louisiana directed, among other things, that "all claims against the receiver, as such, up to said 31st day of October, 1888, be presented and prosecuted by intervention prior to February 1, 1889, and if not so presented by that date, that the same be barred and shall not be a charge on the property of said company." Assuming that the plea based upon the order in question was the sole plea, filed in due time, and technically sufficient in form, it is enough to observe that it alleged that by the terms of that order the property of the company was freed from all demands and claims arising against the receiver and prior to October 31, 1888, which were not adjudicated by the United States Circuit Court for the Eastern District of Louisiana in the cause of the *Missouri Pacific Railway Co.* v. *The Texas and Pacific Railway*

*Co.* upon intervention prior to February 1, 1889, and that the plaintiff did not intervene in said cause prior to that day. Without discussing the effect of that order, which has already been sufficiently considered in *Texas and Pacific Railway Co.* v. *Johnson, ante,* 81, it will be perceived that on September 23, 1889, when this plea was filed, the time within which the Circuit Court for the Eastern District of Louisiana would take cognizance of the plaintiff's claim had long before expired and the claim was barred as set forth by the plea, certainly so far as that court was concerned, and if the company, if liable at all, was only liable on intervention in that court as the plea asserted, then the plaintiff could not maintain any action in respect of his supposed cause of action. The plea was, therefore, not a plea to the jurisdiction, but a plea in bar. It did not seek to oust the jurisdiction of the Circuit Court for the Eastern District of Texas by reason of jurisdiction in the Circuit Court for the Eastern District of Louisiana or elsewhere, and so give the plaintiff a better writ, but to defeat his recovery altogether. We do not think this presented any question of jurisdiction, as such, which we could consider.

As to the suggestion that the suit was brought in the wrong district, that objection, if it could be raised by the company at all, came after the defendant had pleaded in bar and too late. *St. Louis & San Francisco Railway* v. *McBride,* 141 U. S. 127; *Texas & Pacific Railway* v. *Cox,* 145 U. S. 593.

Under these circumstances, as no question of the jurisdiction of the Circuit Court was open to inquiry, we do not regard this case as coming within the act of Congress referred to.

*Writ of error dismissed.*