### DECKER et al. v. WILLIAMS.

(District Court, D. Alaska. March 11, 1896.)

1. DISTRICT COURT OF ALASKA—JURISDICTION—APPEALS FROM UNITED STATES COMMISSIONERS.

This court has no jurisdiction over cases brought here by appeal from United States commissioners, acting as justice courts under the statutes of Oregon, unless the amount involved is $200 or more. Organic Act, § 7; 23 Stat. 24; 1 Supp. Rev. St. p. 430.

2. SAME—JURISDICTIONAL AMOUNT.

 The amount involved is determined by the case as it appears in this court, and not the sum in controversy in the court below.

3. SAME—AMOUNT OF JUDGMENT BELOW.

 Where the defendant appeals, and no question is presented growing out of a partial defense to the action, or a counterclaim or set-off, the amount involved is determined by the judgment below.

4. SAME.

 The amount of the judgment in this case being less than the statutory sum, the appeal is dismissed.

Johnson & Heid, for plaintiffs.

C. S. Blackett, for defendant.

DELANEY, District Judge. The plaintiffs brought suit before United States Commissioner Mellen, acting as a justice court, against the defendant, for an amount stated in the complaint at $249.85, which is within the jurisdiction of Alaska commissioners, acting as such courts, under the statutes of Oregon. Hill's Ann. Code, p. 643, § 908. Judgment was had by plaintiff for $171.77, from which defendant appeals. Plaintiff moves to dismiss the appeal, on the ground that the amount involved is not large enough to bring the case within the appellate jurisdiction of this court, under the provisions of section 7 of the act providing a civil government for Alaska, commonly known here as the "Organic Act." 23 Stat. 24; 1 Supp. Rev. St. p. 430. The section referred to provides, among other things, that "an appeal shall lie in any case, civil or criminal, from the judgment of said commissioners to the district court where the amount involved in any civil case is two hundred dollars or more." The fate of the motion, therefore, depends upon the construction placed on said section 7 as to the words "the amount involved." The defendant in the court below, who is the appellant here, contends that the amount involved is the sum demanded in the complaint: while the respondent here, who was plaintiff below, takes the position that the amount involved must be determined by the sum for which judgment was recovered in the lower court.

Whatever conflict there may be in the decisions of the courts of last resort in the several states of the Union, the principle here involved has been too often and too emphatically adjudicated in the federal courts to be open for consideration by this court. Since the decision of the supreme court of the United States in the case of Gordon v. Ogden, 3 Pet. 33, rendered at the January term of that court in 1830, the rule has been inflexible that, in cases like the one here at bar, the jurisdiction of the appellate court depends upon the amount in dispute between the parties as the case stands upon the appeal or writ of error in the appellate court, and not upon the amount in dispute in the court below. Where the plaintiff appeals from a judgment in his favor the amount is held to be that stated in the complaint. Where such judgment is appealed from by the defendant, and no question is presented growing out of a partial defense to the action, or a counterclaim or set-off, the amount is fixed by the judgment. The decisions of the supreme court have reference to its own appellate jurisdiction, as defined in the twenty-second

section of the judiciary act of 1789, now known as section 691 of the United States Revised Statutes. The language used in this section is "the amount or value in dispute"; but, from the decision of the supreme court in Reynolds v. Burns, 141 U. S. 117, 11 Sup. Ct. 942, it appears that the supreme court uses the words "amount involved" as equivalent to "amount in dispute." The syllabus states that the case is dismissed because the amount involved is not sufficient to give the court jurisdiction, and the concluding language of the opinion is that under no possible theory can the case be said to involve the amount requisite to give the court jurisdiction. This court is not at liberty to hold that this language was inadvertently used; but, on the contrary, its use implies at least that the terms "amount in dispute" and "amount involved" are regarded by the supreme court as having the same legal significance. In principle, therefore, the question presented in this case, under section 7 of the organic act, is precisely like that arising under section 691, Rev. St. U. S. Both sections relate to appellate jurisdiction in so far as it depends upon the amount involved. It follows, therefore, that the adjudications of the United States supreme court on the question are conclusive upon this court.

The question first appears in the federal courts in the case of Wilson v. Daniel, 3 Dall. 401, decided in 1798. By a divided court it was there held that the amount in dispute was to be determined by the foundation of the original controversy,—the amount in dispute when the action was instituted. In support of this view, Ellsworth, C. J., in speaking for the court, says:

"This construction not only comports with every word in the law, but enables us to avoid an inconvenience which would otherwise affect the impartial administration of justice; for, if the sum or value found by a verdict was considered the rule to ascertain the magnitude of the matter in dispute, then, whenever less than $2,000 was found, a defendant could have no relief against the most erroneous and injurious judgment, though the plaintiff would have a right to a removal and reversion of the cause, his demand (which is alone to govern him) being for more than $2,000. It is not presumed that the legislature intended to give any party such an advantage over his antagonist; and it ought to be avoided, as it may be avoided, by the fair and reasonable interpretation which has been pronounced."

Justices Chase and Iredell presented dissenting opinions, the latter in the following language:

"When the legislature allowed a writ of error to the supreme court, it was considered that the court was held permanently at the seat of the national government, remote from any parts of the Union, and that it would be inconvenient and oppressive to bring suitors hither for objects of small importance. Hence it was provided that, unless the matter in dispute exceeded the sum of $2,000, a writ should not be issued. But the matter in dispute here meant is the matter in dispute in the writ of error."

This court, even after the long lapse of years since this decision was made, and even at this remote distance "from the seat of national government," cannot refrain from expressing the judgment that the rule stated by Chief Justice Ellsworth appears to be the better one, and the reasoning in support of it the more cogent and logical. It was, however, overthrown by Gordon v. Ogden, supra, in 1830, and the doctrine stated by Justice Iredell set up in its place, which has

met with the continuous and unbroken support of the decisions of the supreme court ever since. Smith v. Honey, 3 Pet. 469; Knapp v. Banks, 2 How. 73; Walker v. U. S., 4 Wall. 165; Merrill v. Petty, 16 Wall. 338; Telegraph Co. v. Rogers, 93 U. S. 565; Town of Elgin v. Marshall, 106 U. S. 578, 1 Sup. Ct. 484; Hilton v. Dickinson, 108 U. S. 165, 2 Sup. Ct. 424; Jenness v. Bank, 110 U. S. 53, 3 Sup. Ct. 425; Dows v. Johnson, 110 U. S. 223, 3 Sup. Ct. 640; Bradstreet Co. v. Higgins, 112 U. S. 227, 5 Sup. Ct. 117; New York El. R. Co. v. Fifth Nat. Bank, 118 U. S. 608, 7 Sup. Ct. 23; Henderson v. Wadsworth, 115 U. S. 264-276, 6 Sup. Ct. 40; Gibson v. Shufeldt, 122 U. S. 27, 7 Sup. Ct. 1066; Reynolds v. Burns, supra; Cameron v. U. S., 146 U. S. 533, 13 Sup. Ct. 184; Abadie v. U. S., 149 U. S. 261, 13 Sup. Ct. 836; Railway Co. v. Saunders, 151 U. S. 105, 14 Sup. Ct. 257; Railway Co. v. Booth, 152 U. S. 671, 14 Sup. Ct. 692; Jones v. Fritchle, 154 U. S. 590, 14 Sup. Ct. 1171; Pittsburgh Locomotive & Car Works v. State Nat. Bank of Keokuk, 154 U. S. 626, 14 Sup. Ct. 1180.

The rule in the United States courts also appears to have been very generally adopted by the state courts, notably by the supreme court of California, when Mr. Justice Field, now of the supreme court of the United States, was chief justice in that state. Gillespie v. Benson, 18 Cal. 410; Votan v. Reese, 20 Cal. 90.

The amount involved in this case not being sufficiently large to vest this court with jurisdiction within the rule above stated, this appeal must be dismissed. So ordered.