Oliver v. Love.

---

OLIVER, Plaintiff-Appellant, v. LOVE et al., Defendants-Appellants.

St. Louis Court of Appeals, January 19, 1904.

1. **PRACTICE: Counterclaim: Instructions: Burden of Proof.** Where, in an action on a note, a counterclaim containing several items was filed by defendants, and plaintiff replied admitting certain of such items, an instruction that the burden was on defendants to prove each and every item of their counterclaim by the greater weight of evidence, was properly refused.

2. ———: **Peremptory Instruction.** Where the evidence was susceptible of an inference contrary to plaintiff's contention on a certain issue, a peremptory instruction to find for him on that issue was properly refused.

3. ———: **Instruction: Presumption.** In an action on a note, where there was a counterclaim and it was a matter of dispute whether some items of the counterclaim were included in a settlement which was had at the time the note was given, it was proper to refuse an instruction to the effect that there was a presumption of law that defendant owed the amount of the note at the time of its execution.

4. **INTEREST: Judgment on Counterclaim.** In an action on a note in which a counterclaim was filed, where the jury found the amount due both on the note and the counterclaim, striking a balance, the finding on the note was afterwards set aside, leaving the finding on the counterclaim undisturbed, and a new trial was had at a subsequent term on the note: *Held,* interest should have been allowed on the amount found due on the counterclaim from the date of the first verdict, in striking the balance between the two claims.

Appeal from Louisiana Court of Common Pleas.—*Hon. D. H. Eby,* Judge.

REVERSED AND REMANDED (*with directions*).

*James W. Reynolds* for plaintiff-appellant.

(1) Defendants' counterclaim or set-off was in effect a separate suit by him against the plaintiff (section 4499, R. S. 1899). This being true, plaintiff, as to the disputed items in set-off, is to be considered as plaintiff in this cause. As such it devolved upon him to prove the fact of the correctness of the various disputed items in his counterclaim, and the failure of the court to declare this to be the law as asked in plaintiff's refused instruction No. 2 was prejudicial error. Grover v. Henderson, 120 Mo. 367; Blum v. Shoe Co., 77 Mo. App. 367. (2) Aside from these points the action of the court in overruling defendants' motions for judgment was not error. The issue of fact as to the amount due on the note was a matter for the jury and not the

court unless the jury was waived. R. S. 1899, sec. 691. The amount due on the note had to be determined as the result of the calculations of the jury, not the court. Dyer v. Combs, 65 Mo. App. 148. (3) Defendants' remaining assignment of error is that the trial court refused to allow them interest on the verdict. They very discreetly omitted all the pleadings from their so-called abstract of the record. Neither of their answers in the cause state or pray for interest and they can not complain now if they are required by the law to lie in the bed of their own choice. Shockley v. Fisher, 21 Mo. App. 551; Patterson v. Mo. Glass Co., 72 Mo. App. 492; State ex rel. v. Gold Spring Distilling Co., 72 Mo. App. 573; Givin v. Refrigerator Co., 66 Mo. App. 315; Bradley & Co. v. Asher, 65 Mo. App. 589; Martin v. St. Louis, 139 Mo. 246.

*Matson & May* for defendants-appellants.

(1.) Judgment. It being the manifest intention of the jury to render a verdict for the difference between the actual balance due on plaintiff's note sued on and the amount the jury found to be due defendants on the set-off, and "it appearing to the court by the pleadings in the case that the amount due plaintiff on the note sued upon was susceptible of accurate determination by ordinary computation" and by ordinary computation the difference was in favor of defendants, the court should have sustained defendants' motion for judgment and entered an affirmative judgment in favor of defendants for the said difference. Hackworth v. Zeitinger, 48 Mo. App. 32. The adjudged cases show that ever since the reign of Charles I. the courts have exercised freely the power of amending verdicts of juries so as to correct manifest errors, both of form and substance. Acton v. Dooley, 16 Mo. App. 448. (2) Mr. Justice Story lays down the broad rule in respect to amendments of verdicts that the court may make amendment of verdict and is only limited in so doing to the rule

that the amendment must be such as to make the verdict conform to the real intention of the jury. Ib., supra; Fay & Co. v. Richmond, 18 Mo. App. 363; Provo Mfg. Co. v. Severance, 51 Mo. App. 260; Cox v. Bright, 65 Mo. App. 421. Case in which verdict was in excess of amount recoverable, court allowed a remittitur, computed correct interest and rendered judgment — held correct. McCormick v. Hickey, 24 Mo. App. 367. Where the amount of the verdict is larger or smaller than that admitted to be due, or which must be the extent of defendants' liability, if liable at all, it has been held that the amount of the verdict is a matter of law for the court. 22 A. & E. Ency. Pl. & Pr., 915. (3) Interest. Creditors allowed to receive interest. R. S. 1899, sec. 3705. Interest on amount of verdict. Where the party against whom a verdict in an action on an interest-bearing claim has been recovered, delays the award of judgment by some act of his own, as by motion for new trial or in arrest of judgment, the prevailing party should be allowed interest on the amount of the verdict from the date of its rendition. 28 Am. and Eng. Ency. Law, p. 317—and numerous cases therein cited. In Kinter v. State, 3 Ind. 86, interest was allowed on an award, and the conclusion drawn in 28 Am. and Eng. Ency. Law, 317, that the reasoning would apply with the same force in case of a verdict. In Martin, Exr. v. St. Louis, 139 Mo. 246, interest was allowed on award. Gest v. Cincinnati, 26 Ohio St. 275; Gibson v. Cincinnati Inquirer, 2 Flip. (U. S.) 88. See also, Griffith v. Railroad, 44 Fed. Rep. 574; People v. Gaine, 1 Johns. (N. Y.) 343; Dowell v. Griswold, 5 Sawy. (U. S.) 39. A year after suit was brought plaintiff recovered a verdict, and a reference was ordered to ascertain the amount due. Twenty years delay occurred, but not through plaintiff's fault. Held, that he was entitled to interest. Bartels v. Redfield, 27 Fed. Rep. 286. Interest on the amount of a verdict may be allowed from the date of the verdict to the date of the

judgment, when entry of judgment is delayed by a motion for new trial. Equitable Life v. Trimble, 83 F. 85, 27 C. C. A. 404; Freemont, etc., v. Root, 69 N. W. 397; Hilton v. State, 83 N. W. 354; Railway v. Fox, 83 N. W. 744.

GOODE, J.—Both the parties to this action appealed and their appeals have been consolidated.

Plaintiff sued the defendants on a promissory note dated November 10, 1897, bearing interest from date at the rate of eight per cent, compounded if not paid annually. The execution of the note was admitted by the defendants, as were certain payments on it which were enumerated in the petition. Their answer, after making these admissions, averred that the note had been paid and discharged prior to the institution of this action.

A counterclaim was declared on by the defendants, consisting of various items amounting to $213.35. It was made up of a running account based on sales of grain to the plaintiff, pasturage for cattle, differences due the defendants on cattle trades, and other transactions which need not be stated. A replication was filed in which it was averred that the account between the parties was converted into an account stated for $530, by a settlement between the parties prior to the execution of the note in suit; that at the time the account was stated and the note executed, it was agreed the note should be in full settlement of all past transactions and dealings between the parties. The replication says further, that five of the items in the counterclaim, amounting to $108, were included in the settlement. Certain other items of the counterclaim are then enumerated in the replication, whose total plaintiff concedes the defendants were entitled to be credited with on the note and avers that the balance due thereon is $183.07.

It thus appears that as to part of the items in the

counterclaim there was no controversy and this disposes of one of the plaintiff's assignments of error, to-wit; the circuit court's refusal of an instruction asked by the plaintiff that the burden was on the defendants to prove each and every item of their counterclaim and that if they failed to prove any of them by the greater weight of the evidence, the verdict should be for the plaintiff for all of those not thus proved. This charge was wrong; for while it was incumbent on the defendants to establish by a preponderance of the evidence, the validity of the disputed items, it was not incumbent on them to prove the undisputed ones.

One item of the counterclaim was for $17.60, for three hogs, alleged to have been sold to plaintiff by defendants May 10, 1896. Two instructions were asked by plaintiff as to this transaction, to the effect that the finding on it must be for the plaintiff. Those instructions were refused, the plaintiff says, erroneously. His argument is that the undisputed evidence shows the three hogs were sold by the defendants to Tim Lambertson and by Lambertson to Oliver, instead of being sold by the defendants to Oliver; that, therefore, Oliver did not owe the defendants for the hogs.

The evidence is that just as Lambertson had purchased from the defendants a bunch of hogs, including the three in dispute, Oliver came up and said he would like to have those three, and Lambertson agreed he might have them. They were separated from the others and Oliver drove them off. The testimony is certainly susceptible of the inference that, instead of Lambertson selling the hogs to Oliver, he waived his right to them and allowed the defendants to sell them to Oliver, which they did, Oliver acquiring them by a purchase from the defendants and becoming thereby indebted to the defendants. We, therefore, overrule the assignment of error based on the refusal of the instructions directing the jury to find for the plaintiff on this item of the counterclaim.

It is asserted the court erred in refusing to charge the jury that there was a presumption of law that the defendants owed Oliver $500 at the time they executed the note in suit and, consequently, unless the defendant had shown, by the weight of the evidence, that some of the items of the counterclaim were not embraced in said settlement, the verdict should be for the plaintiff on the counterclaim. The court instructed the jury to disallow such items of the counterclaim as they might find from the evidence were included in the settlement, and this was a sound instruction. It was not proper to instruct that there was a legal presumption as to how much the defendants owed the plaintiff at the date of the settlement, when there was evidence from which they were to find what was then owing and what transactions were included in it. Haycraft v. Grigsby, 88 Mo. App. loc. cit. 362.

The only point in this appeal of doubt, or deserving any comment, arises on the contention that the defendant J. D. Love was entitled to interest from the date of the verdict to the rendition of final judgment, on the amount found by the jury in his favor on the counterclaim. To make this point intelligible, the course the case took in the circuit court must be stated: At the first trial the jury found a verdict for the plaintiff on the note in the sum of $190.98 and in favor of the defendant J. D. Love, on the counterclaim for $185.35, assessing plaintiff's damages at the difference between the two amounts, to-wit: $5.63. Judgment was entered in accordance with this verdict. That verdict was returned June 4, 1902. On the same day plaintiff filed motions for new trial and in arrest. On June 4, 1902, defendants filed a motion asking the court to amend the verdict and correct the judgment, stating, in support of the motion, that the verdict on the note was for more than the petition asked, and that the amount actually due on it was $184.24, instead of $190.98, as found by the jury; that it was the plain intention of the jury to

render a verdict for the difference between the amount actually due and the amount of the counterclaim, and the court was prayed to find the difference and enter judgment for it. On June 28, 1902, the court overruled said motion; but having found the verdict to be inaccurate, and that the true amount due on the note could be found by computation, it entered an order that unless the plaintiff would remit the excess of the verdict in his favor, it would set it aside. Plaintiff refused to enter a remittitur and the finding on the note was set aside but not the finding on the counterclaim, which was left standing. At the same term, plaintiff's motions for new trial and in arrest were overruled and he appealed. It seems the defendants filed another motion, admitting the amount due on the note was the balance that would remain after deducting the credits indorsed on it, and praying that it be computed and judgment entered in accordance with the finding and verdict of the jury. This motion the court refused to pass on and defendants excepted. Plaintiff dismissed his aforesaid appeal on June 28, 1902, and on December 8, 1902, the mandate of this court showing the dismissal, was filed in the circuit court. On December 27, 1902, the circuit court continued the case on its own motion to the next term. At the next term, to-wit; in June, 1903, the defendants' last motion for judgment was overruled and they excepted. On June 5, 1903, the case was continued on plaintiff's application, until June 30, at which date plaintiff's cause of action was tried before the court, resulting in a finding in his favor for $188.41, which was $3.06 in excess of the amount found by the jury in favor of J. D. Love on the counterclaim; so judgment was entered in favor of the plaintiff for the said sum of $3.06. The circuit court refused to allow said defendants interest from the date of the verdict, June 4, 1902, to June 30, 1903, when final judgment was rendered on the amount found by the verdict to be due him. If interest had been allowed, the amount would have ex-

ceeded the finding for the plaintiff on the note and the costs would have been cast on him instead of on the defendants. The question is: was J. D. Love entitled to interest? There is no statute regulating this matter; but there is a settled rule of the common law that regulates it insofar as judgment was delayed by the plaintiff. For that period the prevailing defendant was certainly entitled to interest, as the verdict was on an interest-bearing claim. Bull v. Ketchum, 2 Denio 188; Vredenburg v. Hallett, 1 Johnson's cases 27; People v. Gaines, 1 Johnson's Rep. 343; Lord v. Mayor, 3 Hill. 426; Henning v. Van Tyne, 19 Wend. 101; Gibson v. Cincinnati Enquirer, 2 Flipp. (U. S.) 88; Dowell v. Griswold, 5 Sawyer 23. Part of the delay in entering judgment was undoubtedly occasioned by the unjustifiable refusal of the plaintiff to remit a palpable excess of the verdict in his favor and the frivolous appeal he took before final judgment was rendered, which appeal he dismissed shortly after taking it. Plaintiff's course appears to have prevented judgment during the interval from June 4, 1902, to December 8th; for otherwise the case would probably have been disposed of, as the finding on the counterclaim really settled all the controverted issues. The delay in giving judgment while the cause stood adjourned on the court's own motion can not be charged to the plaintiff. At the June term, 1903, plaintiff procured a continuance for about a month, thus again postponing judgment. Should interest have been allowed on the verdict on the defendants' counterclaim for the period during which the case remained undisposed of on account of the continuance ordered by the circuit court on its own motion? Interest on plaintiff's note accumulated all the time, whether allowed finally or not; and the defendants' counterclaim was as much an interest-bearing demand, after it was preferred in the suit, as was the note. The justice of the matter undoubtedly requires that it bear interest during the

entire period from the time the verdict was returned until judgment was entered on it; for defendants were in no way to blame for the delay, but were asking judgment.

There was no second trial on the counterclaim, as the verdict of the jury was never set aside. The second trial was on plaintiff's cause of action on the note. It would be obviously wrong, from a moral point of view, to deny interest during the delay of which defendants were innocent, thereby throwing the costs on them. Interest to verdict is always given on an interest bearing demand, even if a trial is delayed on the court's motion, and there is as good reason for giving interest after verdict, if the court delays judgment.

The point has received the attention of courts before, and while the decisions are not uniform, the weight of authority is to allow interest in the circumstances stated. A discussion of the question may be found in Griffith v. Railway Co., 44 Fed. Rep. 574, 584. In that case, which was in tort and furnished the plaintiff poorer ground for claiming interest than the present defendant J. D. Love possesses, a verdict was returned for $5,000 at one term, and stood over to the next term on a motion for new trial. Interest was allowed on the verdict to the date of the judgment, notwithstanding there was no statute to warrant it.

Gibson v. Enquirer, 2 Flipp., supra, has a good opinion on the point and, after citing most of the cases that deal with it, reaches a conclusion in favor of giving interest to the entry of judgment.

The subject was fully gone into by the Court of King's Bench on a case reserved expressly to consider it with a view to altering the prevailing rule. The decision was that interest should be given to the date of judgment. Robinson v. Bland, 2 Burr. 1077. The opinion, which was by Lord MANSFIELD, says the practice in the English courts had been to allow interest only "until writ brought;" namely, to the commencement

of the action; a rule which has never prevailed in this country, we believe; for the uniform practice here is for interest to be added by the jury to the date of the verdict; or, in trials by the court, to the date of entering judgment. In Robinson v. Bland, the rule was deliberately altered because of its inherent injustice, and inconsistency with the general doctrine that damages or rights accruing on a cause of action in suit, for which a new suit will not lie, shall be redressed or satisfied by the judgment in the pending suit.

In Johnson v. Railroad, 43 N. H. 410, it was said: "No solid reason, we think, can be given for withholding the interest between the finding of the jury and the rendering of judgment, as it is quite clear, under our law and practice, interest should be allowed at all other times from the commencement of the suit at least, until judgment and satisfaction of the judgment."

In Sproat's Ex. v. Cutler, Wright's Rep. 157, interest was allowed on an award of arbitrators from its date and this was contested. The Supreme Court of Ohio approved the allowance, saying: "The law allows interest on all balances due on settlements; 29 O. L. 451. Here is a balance found due. If it were the verdict of a jury and judgment had been delayed we would allow interest if asked, although we know no practice of the kind in this State."

In Winthrop v. Curtis, 4 Maine 297, interest was computed on the sum named in the verdict and added to that sum by the court in giving judgment, although the delay was caused by the court reserving the case on a point of law.

Cases have been decided by the Supreme Court of the United States wherein the jurisdiction of that court depended on the validity of the interest added by the trial court to the jury's verdict, as without added interest the amount of the judgment was for a sum below the minimum jurisdiction of the Supreme Court. Quebec Steamship Co. v. Merchant, 133 U. S. 375; New

York El. R. R. v. Bank, 118 U. S. 608. In those cases the point was noticed and the jurisdiction retained. Most of the decisions allowed interest on the verdict because judgment had been postponed by some motion or procedure of the unsuccessful party; but the decision by Lord MANSFIELD, and some of the other authorities cited, did not rely on such a circumstance; which, indeed, had not occurred. If the party asking interest has not himself caused delay, it seems to be just that he should have interest. Usually his adversary may pay the amount of the verdict if he pleases and thus prevent interest from running on it. Taking account of the essential equity of the matter, we think the adjudications referred to are a sufficient sanction for ruling that interest should have been added to the verdict on the counterclaim to the date of final judgment. This rule will accord exactly with the ancient practice to render judgment as of an earlier date when the delay in giving judgment was caused by the court. Mitchell v. Overman, 103 U. S. loc. cit. 64. In the present case the judgment was necessarily delayed, for it could not go on the counterclaim until the main action was tried, as there can be but one final judgment in a cause. Seay v. Sanders, 88 Mo. App. 478.

The judgment is reversed and the cause remanded with a direction to the trial court to compute the interest on the note and also on the counterclaim to June 30, 1903, and render judgment as of that date for the difference between the two amounts in favor of the party entitled to the difference. *Bland, P. J.,* and *Reyburn, J.,* concur.